*S. Judah* and *J. Law*, for the plaintiffs.

*J. Whitcomb* and *J. Farrington*, for the defendants.

Nov. Term,
1834.

THOMPSON
v.
COQUILLARD.

(1) "The confessions of an agent are not evidence to bind his principal; nor is his subsequent account of a transaction to his principal, evidence. But his acts, within the scope of his powers, are obligatory upon his principal, and those acts may be proved in the same manner as if done by the principal. The agent, acting within his authority, is substituted for the principal in every respect; and his statements, which form a part of the *res gestæ*, may be proved." *United States* v. *The Brig Burdett*, 9 Peters, 689.

---

THOMPSON *v.* COQUILLARD, in Error.

DEBT by *Alexis Coquillard*, for the use of *Isaac Marquiss*, against *Lewis G. Thompson*, on a promissory note in the following words:—"Due *Alexis Coquillard* or order 212 dollars, for value received.—*L. G. Thompson.*" There was on the note the following assignment:—"Pay the within to *Isaac Marquiss.*—*A. Coquillard.*" The note was filed, under the statute, instead of a declaration.

*Saturday,
November 29.*

A plea in abatement, for a variance between the writ and note as the declaration, was filed; the writ being against *Lewis G. Thompson*, and the note against *L. G. Thompson.* Demurrer to the plea and judgment of *respondeas ouster.* Demurrer to the note as a declaration, and judgment for the plaintiff below.

*Quære*, whether the note in this case could be filed as a declaration, the christian name of the defendant not being shown by it; or whether, if the note could be so filed, an explanation of the name should not appear in the writ. See *Hays et al.* v. *Lanier et al.*, *November* term, 1833 (1).

As the note in this case was assigned to *Marquiss*, and the assignment remained uncancelled, it was held that the suit on the note could not be sustained in *Coquillard's* name, without showing that it was his property notwithstanding the assignment. *Neyfong* v. *Wells*, Harden's Rep. 561.—*Bowie*, for the use of *Ladd*, v. *Duvall*, 1 Gill & Johns. 175.—See, also, *Dugan* v. *The United States*, 3 Wheat. 172.

The judgment was reversed with costs.

*H. Cooper*, for the plaintiff.

*D. H. Colerick*, for the defendant.

(1) Ante, p. 322. Vide *Hughes* v. *Walker, Carter & Co, May* term, 1835, post.

---

### CHESS v. KELLY and Others.

Trespass for entering the plaintiff's close. Plea, that the defendant entered to take his corn growing there, which had been distrained by the plaintiff for rent due from a third person, but which corn, on a trial of the right of property, had been adjudged to be the defendant's. *Held*, that the plea was insufficient.

*Saturday,*
*November 29.*

ERROR to the *Lawrence* Circuit Court.

BLACKFORD, J.—Trespass *quare clausum fregit* by *Chess* against *Kelly, Strother, Vest*, and *Dilby*. The declaration states that the defendants broke the plaintiff's close, and cut down and carried away his corn.

The defendants pleaded specially as follows:—That the plaintiff had distrained the corn for rent due from a third person; that *Kelly* filed a claim to a part of the corn; that the triers found the corn so claimed to be *Kelly's;* and that the justice gave judgment on the verdict for *Kelly*. The plea also states that, after this judgment, *Kelly*, with the other defendants as his assistants, entered the close and gathered the corn; which is the same trespass. The plea also states, that after the corn was gathered, *Chess* appealed from the judgment of the justice; that *Kelly* gave a bond with surety, as required by the justice, conditioned for the delivery of the corn to *Chess*, if it should be adjudged to be his; and that the judgment on the appeal was in favour of *Chess*.

There was a demurrer to this plea, and judgment for the defendants.

The gist of this action is the breaking of the plaintiff's close; and the point to be decided is, was the trespass which is charged justified by the facts pleaded? We do not consider the justification to be sufficient. Supposing the corn to have been *Kelly's* property, that circumstance alone did not authorise