Pee Curiam.
The question is,, whether the. fact that-the holder and owner of a negotiable note has prosecuted such note in the name of a-sir anger, without his knowledge or consent, is a bar to a recovery in the name of such - nominal plaintiff.
. Perhaps, this question cannot be better answered than it has been by this court in Lovell v. Evertson, 11. Johns. R. 52. The note being endorsed in blank, (in this case payable to bearer,) the owner had a right to fill it up with what name he pleased, and the person whose name was so inserted would be deemed, on record, as the legal owner; and if not so in fact, he could sue as trustee for the persons having the real interest. . But the defendant could have no concern with that question. He was responsible to the person whose name -was so inserted in the blank endorsement. It is true, as contended for by the plaintiff in error, that suits should be brought by the persons having the legal interest in contracts; but, in the ease of negotiable paper, a suit may be brought in the name of a person having no interest in the contract.- He’ may sue as trustee‘for .those who are interested. But why should the defendant give himself the trouble to investigate the plaintiff’s title ?. He owes the money to some one; in this case he offered to show that he owed it to Mr. Shankland, who had brought the suit. It is not a case, therefore, of mala fide possession. A recovery in this ease in the name of the present plaintiff might be pleaded, with proper averments, in bar of a new suit in favor of any other person. The defendant is not deprived, in such a suit, of any defence which he may have as against the real owner.' There is, in principle, no objection to a suit on a promissory, note in the name of a nominal plaintiff; nor is there any authority against it. The cases referred to do not sustain the defence. In the ease of Olcott v. Rathbone, 5 Wendell, 494, it was said the owner of a promissory note, endorsed in blank, can make whom he pleases the bolder. The difficulty in that case was, that it did not appear that the owner had assigned the note to the plaintiff, or had directed that suit. There is no such difficulty here; the defendant’s offer was to show that the true owner had himself brought the suit. The case of Waggoner v. Colvin, 11 Wendell, 27, when properly considered, is not an authority for the plaintiff in error. That case came up on demurrer. The defendant pleaded that, before the commencement of the suit, the plaintiff had endorsed the note to Stilwell and others and delivered the note to them, who were the true and lawful owners and possessors of the note.' The court said that the plea was good, because it showed the legal title out of the .plaintiff; but added, that if the suit was brought in the name of the plaintiff for the benefit of the owners, that fact should be replied, and it would be a good answer to the plea — distinctly asserting that a suit may be brought in the name of a person having no interest in the note, if for the benefit and by the direction of the owner. The court below decided correctly, and their judgment must be affirmed.
Judgment affirmed.