## HODGE v. COMLY.

### March 30, 1839.

*Rule to show cause why judgment should not be entered notwithstanding the affidavit of defence.*

1. An action may be maintained on a bill of exchange by a party who has no interest in the bill, provided he has obtained the possession of it *bona fide*, and is suing without objection from the real owner. The plaintiff is regarded as a trustee for the owner, and defendant cannot urge this against plaintiff's recovery.

2. But if the defendant has a just claim of *set-off*, against the real owner the *cestui que trust*, to the amount of the demand, plaintiff cannot recover.

THIS was an action of assumpsit, to December term, 1837, No. 436, brought by John L. Hodge against Samuel Comly. The plaintiff filed the following copies of bills and notes.

"Havana, the 8th February, 1837.

1. *Third.*—Exchange for $7000.

At sixty days after sight, pay this third of exchange, (1st, 2d and 4th not paid,) to the order of John L. Hodge, Esq., seven thousand dollars, value received, which place to account of

Your obedient servant,

(Signed)      Ysidio Sicart,

(Endorsed)      John L. Hodge.

To S. Comly, Esq., Philadelphia.

No. 740."

"Havana, the 8th February, 1837.

2. *Third.*—Exchange for $5,500

At sixty days after sight pay this third of exchange, (1st, 2d and 4th not paid,) to the order of John L. Hodge, Esq., five thousand five hundred dollars, value received, which place to account of

Your obedient servant,

(Signed)      Ysidio Sicart,

(Endorsed)      John L. Hodge.

To S. Comly, Esq., Philadelphia.

No. 743."

[Hodge v. Comly.]

"Philadelphia, January 20, 1837.

$4000.

3. Four months after date, I promise to pay to the order of Mr. John L. Hodge, without defalcation, four thousand dollars, for value received.

(Signed)          SAMUEL COMLY.
(Endorsed)          JOHN L. HODGE.

Payable at the Philadelphia Bank,
    No. 1406, May 23."

"Philadelphia, January 20, 1837.

$3,410 04.

4. Four months after date, I promise to pay to the order of Mr. John L. Hodge, without defalcation, thirty-four hundred and ten dollars and four cents, for value received.

(Signed)          SAMUEL COMLY.
(Endorsed)          JOHN L. HODGE.

Payable at the Philadelphia Bank,
    No. 1406, May 23."

The defendant filed an affidavit of defence, setting forth in substance " that prior to the institution of the suit, and after the maturity of said bills, or drafts, and notes, in several conversations with the said Hodge, he distinctly, and repeatedly avowed to defendant that he was, (as in fact defendant firmly believed and alleged that he was, and is,) so far as regarded the two bills of exchange as aforesaid sued upon in this suit, (to wit, one for $7,000, one for 5,500,) only the agent or representative of a certain firm or commercial house, Hodge Oxnard & Co. of New Orleans: that he, said Hodge, had no interest therein himself, and was acting merely for said firm and could do nothing in relation to the said bills nor make any compromise therefor without consulting his said constituents, to whom he accordingly advised and requested defendant to write upon the subject of said paper and any arrangement in relation thereto.

" Defendant furthermore averred that the said Hodge, Oxnard & Co., were at the time of the said conversation and still were largely indebted to defendant in the sum of $27,753 39, (say twenty-seven thousand seven hundred and fifty-three dollars and thirty-nine cents)—for a certain draft or bill of $17,250 (say

[Hodge v. Comly.]

seventeen thousand two hundred and fifty dollars) on said firm by them duly accepted but being and remaining due, unpaid and protested, which he holds and owns, and for an additional sum of $8,796 89-100, (say eight thousand seven hundred and ninety-six dollars and eighty-nine cents,) for advances made to them by defendant.

" Defendant furthermore averred that the said John L. Hodge, was before, and at the time of bringing his said suit, indebted to him in a sum of $11,384 07-100, (say eleven thousand and three hundred and eighty four dollars and seven cents,) being the amount of a certain bill of exchange due by said John L. Hodge, and yet remaining unpaid held and owned by your orator with damages and interest thereon.

" Yet notwithstanding all such sayings, conversations, avowals and indebtedness, as aforesaid, and although the said John L. Hodge was not at the time he instituted this suit, nor has been since, nor is now in fact in equity, or in justice the owner of the said bills, or drafts, so sued upon (the same belonging to the said firm) yet to prevent defendant's setting off, or defalking his said just claim against Hodge, Oxnard & Co., and obtaining a judgment in his favour for the balance due him by said firm, and to prevent defendant's procuring, as of right he should procure, a judgment against the said John L. Hodge, for the sum due by him to defendant, he the said John L. Hodge, doth now pretend and allege that he is the real and bona fide owner of all said bills, drafts and notes, whereon he has brought suit as aforesaid, and doth threaten to prosecute his said action and endeavor to procure a judgment therein and thereby fraudulently and unjustly to compel the defendant to pay to him the amount of said bills, drafts and notes, notwithstanding the indebtedness to defendant as aforesaid, of him the said John L. Hodge and them the said Hodge, Oxnard & Co., upon a fair and bona fide settlement of their mutual claims and accounts.   And the said John L. Hodge doth refuse to allow to defendant credits against the said bills, now sued upon for the amount of his claims afore specified upon the said firm—and against the said notes now sued upon the amount of defendant's said claim upon the said John L. Hodge."

The plaintiff obtained a rule to show cause why judgment should not be entered, notwithstanding the affidavit of defence.

[Hodge v. Comly.]

*Bayard*, for plaintiff.
*Guillou*, for defendant.


Cases cited: Waggoner *v.* Colvin, 11 *Wendell* 27 ; Olcott *v.* Rathbone, 5 *Wendell* 490 ; Stevens *v.* Robbins, 12 *Mass.* 180 ; 7 *Corven* 176 ; 2 *Dall.* 43 ; *Leigh's Nisi Prius* 477.


The opinion of the court was delivered by

STROUD, J.—Two facts are averred in the affidavit of defence, which, taken together, require the rule for judgment in this case to be discharged. The first is, that the bills of exchange which have been filed as cause of action, are not the property of the plaintiff, but belong to Hodge, Oxnard & Co. And secondly, that a set-off in favour of the defendant exists against Hodge, Oxnard, & Co., equal in amount, or nearly so, to the debt claimed on the bills.

It is indisputably true, as has been argued for the plaintiff, that an action may be maintained on a bill of exchange by a party who has no interest in the bill, provided he has obtained the possession of it *bona fide*, and is suing without objection from the real owner. In such case, the law regards him as a trustee for the owner, and will not suffer the defendant to urge this relation as an obstacle to recovery. Mauran *v.* Lamb, 7 *Cowen* 174 ; Heydon *v.* Thompson, 28 *E. C. L. R.* 76, per Patterson, J.; Whitaker *v.* Edmunds, *ibid.* 171 ; Gage *v.* Kendall, 15 *Wendell* 640. Although therefore the want of interest on the part of the plaintiff, in the bills in question, constitutes no available objection to the plaintiff's right to sue, yet according to the settled doctrine of our courts, the claim of *set-off*, if well founded, may be made as against the asserted owners, Hodge, Oxnard, & Co., the *cestui que trusts*. This was so held where the subject of the action was a *specialty*, Childerstin *v.* Hammon, 9 *S. & R.* 68 ; and the *negotiable* character of bills of exchange, which it has been contended varies the law in this particular, forms no valid objection that we can perceive. In New York, as appears by Mauran *v.* Lamb, a set-off is not allowed against a *cestui que trust*, but this is stated to be upon the words of the statute of that state, and applies there, I presume, not to *negotiable* instruments only, but to all other causes of action.

Rule discharged.