ALEXANDER CAMPBELL, appellant, *v.* WILLIAM L. HUMPHRIES, appellee.

*Appeal from McDonough.*

To an action by the payee of a promissory note, against the maker, the defendant pleaded that the plaintiff assigned the note, by endorsement, to one Robertson, who, in like manner, assigned the note to one Bacon, who, in like manner, assigned the same to Atkinson & Co., who are the legal holders of the note: *Held,* that the facts stated in the plea, were a bar to the action.

The rule of law is well settled, that the party in whom the legal interest in a promissory note, is vested, must bring the action to recover its contents.

If the payee, or any assignor of a promissory note, has been under the necessity of taking up the note, his right of action revives.

THIS was an action of *debt* brought by Humphries against Campbell, upon a promissory note in the following form:

" Two years after date, I promise to pay William L. Humphries two hundred and thirty-two dollars thirty-three ⅓ cents, for value received, with interest from this date. Witness my hand and seal, this 8th day of January, 1828.

Test, R. M. WOODS.     ALEX'R CAMPBELL, [SEAL.]"

The cause was tried at the May term, 1840, of the McDonough Circuit Court, before the Hon. Peter Lott. Judgment was ren-

dered for the plaintiff for $212,33 debt, and $168,17 damages. The defendant appealed to this Court.

CYRUS WALKER, for the appellant, cited Kyle *v.* Thompson, *Ante* 432 ; 1 Bibb 154; 2 Salkeld 691 ; 1 Strange 480.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *debt* commenced by Humphries against Campbell, on a sealed promissory note.

The defendant pleaded several pleas; but it is only necessary to notice the following one, to wit : That on the 9th day of April, 1836, at the county aforesaid, by endorsement, on said writing obligatory, the plaintiff assigned the same to James R. Robertson, who, in like manner, assigned, on the 29th day of July, 1837, at the county aforesaid, the same to Charles W. Bacon, who, in like manner, assigned the same to John Atkinson & Co., on the day last mentioned, in the county aforesaid, who are the legal owners thereof. To this plea the plaintiff demurred, and the Court sustained the demurrer.

The assignment of errors questions the correctness of this decision.

The rule of law is well settled that the party in whom the legal interest is vested, must bring the action.

The statute relative to promissory notes and making them assignable, passed the 3d of January, 1827, declares, that " any such note, bond, bill, or other instrument in writing, made payable to any person or persons, shall be assignable by endorsement thereon, under the hand or hands of such person or persons, and of his, her, or their assignee or assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee or assignees successively. And any assignee or assignees to whom such sum of money or personal property is by such endorsement or endorsements made payable, or in case of the death of such assignee or assignees, his, her, or their executors or administrators, may, in his, her, or their own name or names, institute and maintain the same kind of action for the recovery thereof, against the person or persons who made and executed any such note, bond, bill, or other instrument in writing, or against his, her, or their heirs, executors, or administrators, as might have been maintained against him, her, or them, by the obligee or payee, in case the same had not been assigned." (1)

Under this statute, the assignments made on the note, vested the legal title in the last assignees. In them alone, was the legal interest in the note vested, and they alone can bring suit.

If the payee, or any assignor has been under the necessity of taking up the note, his right of action revives; but in this case, the

(1) R. L. 482; Gale's Stat. 525, 526.

plaintiff, by demurring to the defendant's plea, has admitted that the legal interest in the note has been transferred to Atkinson & Co., and consequently he cannot maintain the suit. The judgment must be reversed, with costs.

*Judgment reversed.*

*Note.* See Brinkley *v.* Going, Breese 288, 289; McHenry *v.* Ridgely, *Ante* 310; Kyle *v.* Thompson, *Ante* 432.

Where a bill of exchange is specially endorsed, and the endorsement is uncancelled, and there is no reendorsement, nor other evidence of subsequent assignment, possession by original endorser, is *primâ facie* evidence of ownership. Picquet *v.* Curtis, 1 Sumner C. C. R. 478.

The endorsee of a witnessed promissory note may maintain an action thereon for his own use, in the name of the payee, against the maker, after the expiration of six years from the time when the cause of action occurred, if such action is brought with the consent of the payee, or he makes no objection thereto. Hodges *v.* Holland, 19 Pick. 43.

When a bill is endorsed in full, the endorsee is the legal owner, and cannot sue in the name of the payee. If, after such endorsement, it comes back in due course of commercial dealing, into the payee's hands, he may strike out the endorsement and sue. Bowie, use of Ladd *v.* Duvall, 1 Gill. and Johns. 175; Thompson *v.* Coquillard, 3 Blackf. 437; Smith *v.* Runnells, Walker 144; Neyfong *v.* Wells, Hardin 561.

In an action by the endorsee of a note, against his immediate endorser, a plea that, before the commencement of the suit, the plaintiff transferred the note to a third person, who was then the true and lawful owner and possessor of the note, is a bar to a recovery. But a replication, that the suit is prosecuted in the name of the plaintiff, by or for the benefit of the true holder of the note, would be a good answer to such a plea. Waggoner *v.* Colvin, 11 Wend. 27.

The holder of negotiable paper may bring an action upon it in the name of a person having no interest in it; and it is no defence to such suit that it is brought without the knowledge, assent, or authority of the nominal plaintiff. Gage *v.* Kendall, 15 Wend. 640.