## Case No. 6,249.

### HAWLEY v. KEPP.

[2 Flip. 177.] 1

Circuit Court, W. D. Michigan. April 13, 1878.

JURISDICTION OF CIRCUIT COURT — CONSTRUCTION OF ACT OF 1875, AND 11TH SECTION OF JUDICIARY ACT — GENERAL RULE AS TO NEGOTIABLE PROMISSORY NOTES—EXCEPTION TO SUCH RULE.

1. The mere fact that the subject-matter of a suit has been transferred for the purpose of giving jurisdiction to this court, will not defeat jurisdiction, provided there has been a bona fide sale and transfer by which the transferee becomes the real owner and thereby the party to the suit.

2. It is a general rule that suit may be maintained in the name of a person who is the holder of a negotiable promissory note, though he has no interest therein, provided it is brought for the benefit and by direction of the real owner.

1 [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

3. But such rule cannot be applied when the question of jurisdiction is to be determined under the act of congress in question.

[This was a suit at law by George A. Hawley against John Kepp. Defendant pleaded to the jurisdiction, and plaintiff demurred.]

McLaren & Jennings, for plaintiff.
Mr. Hoyt, for defendant.

WITHEY, District Judge. Suit by plaintiff, a citizen of Illinois, against defendant, a citizen of Michigan, upon three promissory notes executed by Wm. Markus & Co., of Muskegon, in this state, payable to the order of defendant at the same place, and by him endorsed and delivered to Kauffman, who endorsed and delivered them to Ives & Son, of Detroit, and who, it is alleged, endorsed and delivered the notes to plaintiff. Defendant pleaded the general issue, and gave notice of special defense. He also interposed a plea in abatement, setting up that all the makers and endorsers of the notes are citizens of Michigan; that Ives & Son, while holders of the notes, brought suit on them in the state court at Detroit against the makers and endorsers, Kauffman and defendant, and obtained judgment for the full sum of the notes with interest. That after such judgment the suit was discontinued as to defendant Kepp therein, and later an order was obtained by Ives & Son granting them leave to withdraw the notes from the files; and still later they obtained an order vacating the judgment as to all the defendants therein except Kauffman. Thereafter this suit was brought by plaintiff, to whom Ives & Son endorsed and delivered the notes subsequent to the aforesaid proceedings. That plaintiff is not a bona fide holder and for a valuable consideration; has no property or interest in said notes or their proceeds, but his name is being used for the sole purpose of enabling Ives & Son to bring suit in this court, who are the real owners of the notes, and for whose interest and behalf this suit is prosecuted. To the plea in abatement a general demurrer has been interposed.

The question is one of proper parties to give this court jurisdiction. Prior to the act of March 3, 1875 [18 Stat. 470], defining the jurisdiction of the circuit courts of the United States, it was several times held by the supreme court that where the assignor of the subject-matter of the suit is the real party in the suit, and the plaintiff on the record but nominal and colorable, his name used merely for the purposes of jurisdiction, the suit is then a controversy between the former or real plaintiff and the defendant, notwithstanding the assignment or transfer, and not between the plaintiff in the record and the defendant. Barney v. Baltimore City, 6 Wall. [73 U. S.] 280; Smith v. Kernochen, 7 How. [48 U. S.] 216, and other cases therein cited. If the rule applied before the act of 1875 is to govern, then, under the facts ad-

mitted by the demurrer, Ives & Son are real plaintiffs, and as they and defendant are citizens of the same state, this court has no jurisdiction. Ives & Son endorsed and delivered the notes after due to plaintiff without consideration, and for the sole purpose of enabling suit to be brought in this court, the interest in the notes and their proceeds remaining in Ives & Son. The law of 1875 retains, in substance, the provision of the 11th section of the judiciary act [of 1789 (1 Stat. 78)], that the matter in dispute must exceed the sum or value of $500, and that the suit must be "between a citizen of the state where it is brought and a citizen of another state." The change in language in the law of 1875 is this: It must be a suit "in which there shall be a controversy between citizens of different states." Under the facts stated in the plea in abatement, it is manifest the controversy is between Ives & Son and defendant, and not between the nominal plaintiff and defendant. But it is said the law of 1875 expressly excepts from the operation of the clause quoted above, "promissory notes negotiable by the law merchant, and bills of exchange." The language is: "Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover them if no assignment had been made, except in cases of promissory notes negotiable by the law merchant, and bills of exchange."

Is this case within the exception? It would be if the suit was one in which there is a controversy between citizens of different states; that is fundamental. In suits of this nature two things are absolutely necessary to give jurisdiction to this court, no matter what other considerations may be involved: 1. The matter in dispute must exceed five hundred dollars exclusive of costs. 2. The subject-matter of the suit must involve a controversy between citizens of different states. One of the things are wanting in this suit, for the controversy is really between Ives & Son and defendant, both citizens of Michigan.

The mere fact that the subject-matter of a suit has been transferred for the purpose of giving jurisdiction to this court, will not defeat jurisdiction, provided there has been a bona fide sale and transfer, by which the transferee becomes the real owner and thereby the party to the suit. Barney v. Baltimore City [supra]. Again, it is a general rule that suit may be maintained in the name of a person who is holder of a negotiable promissory note, though he has no interest therein, provided it is brought for the benefit and by direction of the real owner. 15 Wend. 640; 11 Wend. 27. But such rule cannot be applied when the question of jurisdiction is to be determined under the act of congress in question.

Demurrer overruled, and judgment on the plea in abatement, dismissing the cause for want of jurisdiction.