ALEXANDER S. HAYS, Respondent, *v.* HENRY A. HATHORN et al., Appellants.

To entitle a party to maintain an action upon a promissory note he must be the legal owner and have the right of possession of the instrument; such ownership must be sufficient to protect the defendant upon a recovery against him, from a subsequent action thereon.

Where plaintiff claimed as transferee, and defendants' answer denied that the note in suit was ever transferred to the plaintiff, or that he was the legal owner and holder thereof, or was the real party in interest; and alleged that the note was transferred to another who was the owner and holder and the real party in interest; and upon the trial plaintiff produced the note indorsed in blank by the payee, whereupon defendant offered to prove the allegations of the answer, which offer was rejected. *Held*, error; that the answer set forth a defense; that while the production of the instrument was *prima facie* evidence of title, defendants' offer was to rebut that presumption and this they had the right to do.

*Cummings* v. *Morris* (25 N. Y., 625); *City Bank* v. *Perkins* (29 id., 554); *Brown* v. *Penfield* (36 id., 473); *Allen* v. *Brown* (44 id., 228); *Eaton* v. *Alger* (47 id., 345); *Sheridan* v. *The Mayor* (68 id., 30), distinguished.

The rule laid down in *Gage* v. *Kendall* (14 Wend., 640), held to be changed by the Code.

*Hays* v. *Southgate* (10 Hun, 511), reversed.

(Argued September 23, 1878; decided October 1, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 10 Hun, 511.)

This action was upon a promissory note, alleged in the complaint to have been made by the firm of Hathorn & Southgate, payable to the order of defendant, Frank H. Hathorn, and by him indorsed and transferred to plaintiff.

The facts appear sufficiently in the opinion.

*Chas. S. Lester*, for appellants. Plaintiff not being the real party in interest was not entitled to recover. (Code, § 111; *Met. B'k* v. *Lord*, 1 Abb., 185; 4 Duer, 630; *Flood* v. *Reynolds*, 13 How., 112; *Duncan* v. *Lawrence*, 6 Abb., 304; 3 Bos., 103; *Brown* v. *Penfield*, 36 N. Y., 473; *Tamisier* v. *Capard*, 17 Abb., 187; *Killmore* v. *Culver*, 24 Barb., 656; *Sandford* v. *Sandford*, 45 N. Y., 723; *Clark* v. *Phillips*, 21 How., 87; *James* v. *Chalmers*, 6 N. Y., 215.) Plaintiff's evidence being only *prima facie* proof, it was not conclusive and defendants had a right to contradict it. (*Bedell* v. *Caril*, 33 N. Y., 581.)

*John R. Putnam*, for respondent. In the absence of *mala fides* the possession by plaintiff of the note indorsed in blank constituted in fact a written assignment to him and made him the legal owner of it and the proper person to bring his action. (*City B'k of New Haven* v. *Perkins*, 29 N. Y., 554; *Brown* v. *Penfield*, 36 id., 475, 476; *Gage* v. *Kendall* 15 Wend., 640; *Eaton* v. *Alger*, 2 Keyes, 42; *Williams* v. *Brown*, id., 488; *Sheridan* v. *Mayor*, 68 N. Y., 36; *Allen* v. *Brown*, 44 id., 231; *Devol* v. *Barnes*, 7 Hun, 342, 343; *Cummings* v. *Morris*, 25 N. Y., 627; *Land* v. *Seamans Sav. B'k*, 23 How., 259, 260; *Lovell* v. *Evertsen*, 11 J. R., 52; *Gage* v. *Wendall*, 15 Wend., 640; *Collins* v. *Gilbert*, 4 Otto, 753; 44 N. Y., 349; 5 Wend., 497; 29 N. Y. Rep., 554; 36 id., 473; 4 Weekly Digest, 28.)

Hand, J. In their answer, the defendants denied that the note on which the action was brought was ever transferred to the plaintiff or that he was the legal owner or holder thereof. They further denied that the plaintiff was the real party in interest; alleged that the Saratoga County Bank was the real party in interest and the owner and holder and should be the plaintiff and that the note was duly transferred to it instead of to the plaintiff.

Upon the trial, the plaintiff having produced the note which was payable to the order of F. H. Hathorn and indorsed in blank by him, rested. The defendants then offered to prove that the note " was not the property of the plaintiff, that the same was never transferred to him, that he was not the real party in interest, that the note was the property of the Savings Bank who is the real party in interest." The evidence was objected to by the plaintiff as immaterial and was excluded. This ruling I think was erroneous and renders necessary a reversal of the judgment.

Under the answer and this offer, the defendants unquestionably proposed to show substantially that the plaintiff had no title legal or equitable to the note and no right as owner to its possession. This might have been done by proving that he was the mere finder or the unlawful possessor, or that the right to its possession and ownership was in the bank to whom they were liable thereon, or in some other way. This they had a right to show.

It may be that, had their offer been admitted, they would have produced in fact no evidence to sustain it or prevent a recovery, but in considering the validity of their exception to the exclusion, we must assume that the evidence would have fully covered the propositions contained in the offer. And, as remarked in the dissenting opinion in the court below, " unless the defendants are to be precluded altogether from giving any evidence of a matter confessedly issuable, I do not see how this offer could be rejected."

The cases relied upon as justifying the exclusion of the evidence do not go that length. In *Cummings* v. *Morris* (25

N. Y., 625) it was held that the maker of a note could not defeat the plaintiff, not a payee, by proof that the consideration of the transfer to him was contingent upon his collecting the note. Such plaintiff was declared to be the real party in interest on the express ground that the transfer was complete and irrevocably vested in him the title to the note. In *City Bank* v. *Perkins* (29 N. Y., 554) there was no question of exclusion of evidence, but all the circumstances being proved, it was held that where the cashier of a bank holding commercial paper, pledged it "duly indorsed" to the plaintiff as security for a loan by the plaintiff to his bank, and it had been actually transmitted under his direction to the plaintiff so indorsed, it was no defense to one admitting his liability upon such paper to show lack of authority in the cashier alone to contract a loan for the bank; or the fraudulent diversion by him of the funds received from the plaintiff on such loan. Some remarks in the opinion in that case, not necessary to the decision, are perhaps too broad to be entirely approved, but it is fully conceded in it that proof that the plaintiff had no right whatever to the possession but was a mere finder or had obtained it by some "positive breach of law" would be a defense.

*Brown* v. *Penfield* (36 N. Y., 473) holds merely that proof, by the party liable on a bill, of gross inadequacy of the consideration for the transfer of such bill to the plaintiff does not impeach the validity of such transfer as to the party so liable.

In *Allen* v. *Brown* (44 N. Y., 228) it was decided that, as against the plaintiff holding legal title to the claim by written assignment valid upon its face, the debtor cannot raise the question as to the consideration for such assignment or the equities between the assignor and assignee.

In *Eaton* v. *Alger* (47 N. Y., 345) the note being payable to bearer and produced by the plaintiff upon the trial, it was proved that the payee had delivered it to the plaintiff upon his undertaking to collect it at his own expense and pay to such payee upon its collection a certain sum of money.

This was held to show sufficiently that the plaintiff and not the payee was the real party in interest under the Code.

*Sheridan* v. *The Mayor* (68 N. Y., 30) reiterates the doctrine, that, as against the debtor, the plaintiff holding a written assignment of the claim to himself valid on its face, obtained the legal title and was the real party in interest notwithstanding the fact that the assignment was without consideration and merely colorable as between him and the original claimant. Such assignment is expressly declared to protect the debtor paying the assignee against a subsequent suit by the assignor.

In *Gage* v. *Kendall* (15 Wend., 640) the fact that the prosecution of the note was *by its owner and holder* in the name of the plaintiff a stranger to it, without his consent or knowledge, was sought to be set up as a defense, but it was ruled out on the ground that the nominal plaintiff need have no title to or interest in the paper sued upon. We apprehend the Code has changed this and that such facts would now be fatal to an action. Such a plaintiff could not in any view be the real party in interest. Indeed he would not even have manual possession of the paper.

From this glance at the cases, it appears that it is ordinarily no defense to the party sued upon commercial paper, to show that the transfer under which the plaintiff holds it is without consideration or subject to equities between him and his assignor, or colorable and merely for the purpose of collection, or to secure a debt contracted by an agent without sufficient authority. It is sufficient to make the plaintiff the real party in interest, if he have the legal title either by written transfer or delivery, whatever may be the equities between him and his assignor. But to be entitled to sue, he must now have the right of possession and ordinarily be the legal owner. Such ownership may be as equitable trustee, it may have been acquired without adequate consideration, but must be sufficient to protect the defendant upon a recovery against him from a subsequent action by the assignor.

As we understand the scope of the offer in the present

case, it went to entirely disprove any ownership or interest whatever or even right to possession as owner in the plaintiff. It should therefore have been admitted. It may be true that the plaintiff, if this note had been delivered to him with the intent to transfer title, might have lawfully overwritten the blank indorsement with a transfer to himself; it is also true that the production of the paper by him was *prima facie* evidence that it had been delivered to him by the payee and that he had title to it, but the defendants' offer was precisely to rebut this very presumption and for aught that we can know the evidence under it would have done so.

The judgment must be reversed, and a new trial ordered, costs to abide the event.

All concur, except MILLER and EARL, JJ., absent.

Judgment reversed.