ADRIAN ISELIN, JR., AND COLUMBUS O'D. ISELIN, RESPONDENTS, v. HENRY ROWLANDS, APPELLANT.

*Action — must be brought by the real party in interest — an agent holding commercial paper for collection cannot sue thereon.*

One to whom commercial paper has been indorsed and who holds it as an agent for the purpose of collection only, cannot maintain an action thereon in his own name.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Hamilton Harris,* for the appellant.

*A. & W. Lansing,* for the respondents.

LEARNED, P. J.:

There is a circumstance in this case which is not clearly explained, and which seems unaccountable under ordinary fair dealing.

On the 19th of May, 1881, Messrs. Badollet & Co. agreed to the· compromise with defendant. The amount of their claims thus

compromised, or intended to be compromised, was stated at about $2,200, and included the two drafts in suit. And on or before July twentieth, the defendant paid Badollet & Co. the twenty-five per cent, at which their debt was compromised. It is now claimed that at the time of such compromise and of such payment, Badollet & Co. did not own the drafts, but that they had transferred them to the "Comptoir d'Escompte de Geneve," which was the owner. Thus the plaintiff must claim that Badollet & Co. practiced a fraud on the defendant by assuming to compromise debts which did not belong to them.

But we do not deem it necessary to discuss the merits of this case. One difficulty meets us at the outset. The plaintiffs allege that they are the lawful holders and owners of the drafts, and that the amount thereof is due from defendant to them. The defendant denies this and alleges that the drafts were only delivered to the plaintiffs for presentation, and that they are not the owners or holders.

The plaintiffs by their own letter say that they are the agents of the Comptoir d'Escompte for collecting the drafts. The referee finds, as a matter of fact, that the indorsements of the drafts and their delivery to plaintiffs were for the special purpose of collection. But on this the referee held that the plaintiffs became holders and owners of the drafts, and as trustees of an express trust, were entitled to maintain the action.

There is no doubt that proof of the indorsement to the plaintiffs was *prima facie* evidence that they were owners. But that was contradicted by the other proof on which the referee found, as the fact plainly was, that such indorsement and delivery were for the special purposes of collection, and by the plaintiffs' own statement that they were agents for the Comptoir d'Escompte. The fact also that the plaintiffs, on being informed by the defendant of the compromise with Badollet & Co., made no objection and asserted no rights, as owners, to the drafts, is further evidence, if any were needed, that they were in possession of the drafts only as agents, if not for Badollet & Co., at least for the Comptoir d'Escompte.

We have then the question whether one who is only an agent for collection, and has possession of commercial paper only in that capacity, can sue thereon in his own name. It seems hardly necessary to quote section 449 of the Code, identical in part with section

111 of the old Code, that every action must be prosecuted in the name of the real party in interest. This has now been the law for many years. Before the passage of the old Code the rule was different. And often it was necessary that an action should be prosecuted by one who was not the real party in interest, as for instance, in the case of assignments of contracts other than commercial paper. Hence, decisions prior to the adoption of the Code are often inapplicable. And even in earlier decisions under the Code, the new doctrine was hardly accepted in its full force. But recent decisions are conclusive against the plaintiffs. *Bell* v. *Tilden* (16 Hun, 346) is almost exactly like the present case. *Hays* v. *Hathorn* (74 N. Y., 486) is to the same effect. The case of *Wetmore* v. *Hegeman* (88 id., 69), cited by plaintiffs, was one where the assignment of the cause of action to the plaintiff was in trust for certain purposes so as to give him an interest therein. And it does not affect a case like this where there was no assignment to the plaintiffs and no interest given to them in the subject matter; but where they were mere agents of other persons with no interest themselves.

Nor were the plaintiffs trustees of an express trust. The plaintiffs cite *Considerant* v. *Brisbane* (22 N. Y., 389), decided by a bare majority. But in that case the contract was, by its terms, payable to the plaintiff, described therein as agent. So again, the plaintiffs cite *Devol* v. *Barnes* (7 Hun, 342). There, too, the plaintiff undertook to collect certain claims as his own and acquired an interest therein. But in the present case we have the case of plaintiffs who are mere agents for collection. If they are agents, then their principals are the owners.

The judgment should be reversed and a new trial granted, costs to abide the event, referee discharged.

BOARDMAN and BOCKES, JJ., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.