Bradley, J.
The action is upon a promissory note of date August 11, 1883, made by the defendant, by which he promised to pay Henry Swink, or bearer, $300 fifteen months after its date, with interest. The note was valid in its inception, and no defense is alleged or claimed going to defeat the liability of the defendant to pay it. But the defense is wholly founded upon the allegation that the plaintiff was .and is not the owner of the note. And there is evidence tending to prove that when the note was made it was delivered to one Jennie Green, the wife of Frederick Green, pur. suant to agreement between them that she should receive that amount in consideration of the release by her of her inchoate right of dower in certain land which was conveyed by him to the defendant by deed in which she joined. The plaintiff having obtained the note before maturity and thereafter having it in his possession, the presumption was that he was the bona fide owner and holder of it,
With a view to repel such presumption, the evidence tended to prove that the wife Jennie handed the note to her husband to put into a safe and keep for her, and that he, without her knowledge or consent, made a transfei of it to the plaintiff on account of a debt he owed the latter. And that the plaintiff then advanced no money to the husband, discharged no claim, incurred no liability and surrendered *648 nothing, unless it was the then existing right to proceed to collect the debt' then due from Frederick to the plaintiff, which is a question that will be hereafter more particularly referred to. If the plaintiff was not the owner of the note, that fact was a defense to the action available to the defendant. But to defeat such a defense it is sufficient that the title and transfer are merely colorable, and such as to bar another action against the defendant upon the subject of the action, because in such case inquiry will not be made into the equities arising out of the apparent relation produced by the transfer when it is made by the person who has the title or right to make the transfer. Code Civ Pro . § 449 Hays v Hathorn, 74 N. Y., 486, reversing sub nom Hays v Southgate, 10 Hun, 511; Lockwood v. Underwood, 16 id , 592 Iselin v. Rowlands, 30 id , 488, M. L. and T. Co. v. Clair, 36 id., 362; Pritchard v. Hint, 39 id., 378 Freeman v. Falconer, 13 J. & S., 383. The evidence permitted the conclusion that Jennie Green was the owner of the note, and that the transfer of it was made by her husband to the plaintiff without right or authority. And if that conclusion, was reached upon the evidence, the remaining inquiry would arise whether the plaintiff, by such transfer to him, became the bona fide holder of the note, because if he did not she could not assert a title to it as against the true owner, and the defense would be effectual to defeat a recovery by the plaintiff upon the ground that he was not in fact the owner. And in this state the rule is well established that a person merely taking the transfer of a note upon or on account of a precedent debt, is not a bona fideholder. Turner v. Treadway, 53 N Y., 650: Moore v Ryder 65 id., 438, 441.
It appears that the plaintiff held a note against the husband of Jennie Green, which was due before this transfer, amounting to $110, upon which some endorsements has been, made. And the plaintiff testified that at the time of the transfer to him of the note the husband proposed to let him have it on what he owed him and to collect it when due, take out of the proceeds the amount owing to him, and keep the balance until called for by the husband, and that the plaintiff replied, that he would take the note for his pay, “and keep-the rest until he called for it. I was going to wait on him until it was due.” This is his statement of the arrangement under which he took the note. And it may be construed as an agreement to take the note and to extend the time of payment of the debt due him. until the transferred note became due with a view to the payment of the debt owing him out of the proceeds. Such an agreement would constitute a consideration for the transfer and render the plaintiff a bona fide holder of the note with the right to proceed to collect it, and if the wife was in. fact the owner at and before the time ofs such transfer she might treat the plaintiff as trustee in her behalf so far as related to the proceeds of the note beyond *649 the amount so due him from the husband. Burns v. Rowland, 40 Barb., 369; Traders’ Bank v. Bradner, 43 id., 379. But the question arises whether as matter of law it could properly be held that such was the agreement at the time of the transfer of the note, or whether upon the evidence a question of fact was presented for the jury. In view of the relation of the plaintiff, as such, to the action and his interest in the event, the question of the credibility of his evidence was for the jury. Dean v. Van Nostrand, 25 N. Y. W. Dig., 97. Another witness, the son of the plaintiff, who was present at the time of the transaction of the transfer of the note testified that the husband told the plaintiff to take the note, collect it, and take out what he owed him, and keep the rest until he called for it, that the plaintiff looked at the note, thought it was good, and said he would. He does not include in his statement (as appears by the record) an express agreement on the part of the plaintiff to suspend proceedings to collect the debt against the husband until the maturity of the note which he then received. This question was clearly one of fact for the jury upon the evidence, which was sufficient to support a verdict for the plaintiff. The trial court treated the case as presenting no question for the jury, and directed a verdict for the plaintiff notwithstanding the request of the defendant to submit certain questions to them. We think this was error. And for that reason the judgment should be reversed and a new trial granted, costs to abide the event.
Smith, P. J., and Haight, J., concur.