GERDING v. WELCH.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

ACTION ON NOTE—PRESUMPTION OF OWNERSHIP—REBUTTAL.

The presumption of legal ownership which is raised by the possession of a promissory note indorsed in blank may be rebutted.

Appeal from special term, Westchester county.

Action by Charles Gerding against Charles E. Welch. From a judgment in favor of plaintiff on the report of a referee, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William Hepburn Russell, for appellant.
John H. Clapp, for respondent.

WILLARD BARTLETT, J. This action is brought upon a promissory note dated at Vineland, N. J., on January 7, 1896, whereby the defendant promised to pay $3,000, three months after date, to the order of I. K. Funk, chairman of the reorganization committee of the East Tennessee Land Company, at the Tradesmen's Bank in Vineland. The note was produced upon the trial by Mr. John H. Clapp, of counsel for the plaintiff, who offered it in evidence in behalf of his client. It bore the following indorsements: "I. K. Funk, Chairman Reorganization Committee of the East Tennessee Land Company." Also: "Pay George Davidson, Esq., cashier, or order, for collection. Astor Place Bank, N. Y. John T. Perkins, Cashier." Through this second indorsement pen marks had been drawn before the note was offered or received in evidence. With the production of the note, and a stipulation by counsel as to the amount of interest due upon it, the case for the plaintiff was rested.

By far the greater part of the voluminous record before us consists of evidence offered in behalf of the defendant to sustain the numerous defenses set up by way of answer in opposition to the plaintiff's claim. In the view which we take of the case, it is necessary to consider only one of these matters. Near the close of the trial a motion was made by the counsel for the defendant to amend the answer so as to allege, among other things, that the plaintiff was neither the legal nor equitable owner of the note, and had no interest therein, and was not the real party in interest in the action, but that the note was still owned by the reorganization committee

of the East Tennessee Land Company, with which the plaintiff was not connected, and of which committee he was not a member or agent. The referee allowed the desired amendment, so far as it sought to conform the pleadings to the testimony which had been taken; and, as the defendant had introduced no little proof to sustain the defense embodied in the proposed amendment, this ruling of the referee was equivalent to granting the motion. The case before us thus presents a clearly-defined issue, both upon the pleadings and on the proof, as to whether the plaintiff is the real party in interest. The learned referee has found that he is, but a careful consideration of the entire case convinces us that his finding in this respect is against the evidence. At the outset the production of the note by the counsel for the plaintiff, bearing an indorsement in blank, sufficed to raise the presumption that the plaintiff was the owner thereof, and entitled to recover the full amount against the maker. This presumption, however, could be rebutted, and we think was rebutted so conclusively as to have required a direction for judgment in favor of the defendant. The proof in his behalf showed, without contradiction, that prior to its maturity the note in suit was indorsed and delivered either to the Astor Place Bank, or to Mr. Francis L. Hine, the vice president of the bank, for collection. Mr. Hine was the trustee under a so-called syndicate agreement between the reorganization committee of the East Tennessee Land Company and other persons; and the note was held by him, in his capacity as such trustee, as collateral to another note executed by I. K. Funk as chairman of such reorganization committee. After payment was refused, it was turned over, not to the plaintiff, but to Mr. B. F. Gerding, for collection, pursuant to the written direction of a member of the syndicate to which reference has been made, approved in writing by I. K. Funk. The note appears to have gone into the hands of Mr. B. F. Gerding, pursuant to this order, about May 6, 1896. That it was not intended to transfer any property in the note, either to Mr. B. F. Gerding or to any one else, is manifest from the fact that on September 9, 1896, at a meeting of the reorganization committee of the East Tennessee Land Company, Dr. Funk made a report which, among other things, contained a list of the properties of the committee; and in this list this very note of Charles E. Welch, for $3,000, appears as one of the items. There is considerable other evidence in the record which leaves little doubt that the legal title to the note still remains either in the reorganization committee or in Francis L. Hine, as trustee under the syndicate agreement, and that the only Gerding who has ever had anything to do with it is Mr. B. F. Gerding, a lawyer, who has received it solely in order to collect it for the real parties in interest. The full inquiry by the defendant, who had to go into the enemy's camp for the purpose, into all the circumstances concerning the alleged transfer of the note to the plaintiff, has developed the facts so completely as to disprove the plaintiff's claim to be the legal owner of the instrument; and hence he must fail in this action. Hays v. Hathorn, 74 N. Y. 486. If he held it for collection only, that would not suffice (Iselin v. Rowlands, 30 Hun, 488); but as has been shown, it is Mr.

B. F. Gerding, and not the plaintiff, who appears to have acquired it for such purpose.

Judgment reversed, and new trial granted; costs to abide the event. All concur.