## J. C. BOHART COMMISSION COMPANY V. E. J. BUCKINGHAM.

#### No. 11,780.  (64 Pac. 627.)

1. PARTIES TO ACTIONS—*Promissory Note.* The payee of a promissory note who indorses it for value, and to whom it is afterward delivered by the indorsee for suit and collection, has no beneficial interest in such note, and cannot maintain an action thereon in his own name.

2. REPLEVIN—*Refusal of Permission to Intervene.* Where an action in replevin is brought to recover the possession of persona property, mortgaged to secure a promissory note, by a party who is not the owner of the note and who has no beneficial interest therein, it is not prejudicial error, as to such party, for the court to refuse to permit others to interplead who claim to be the owners of the notes and entitled to the possession of the property in controversy, or who claim to be the absolute owners of the property and entitled to the possession thereof.

Error from Wabaunsee district court; WILLIAM THOMSON, judge. Opinion filed April 6, 1901. *In banc.* Affirmed.

#### STATEMENT.

THE plaintiff in error commenced this action in replevin in the district court of Wabaunsee county on the 1st day of December, 1898, to recover the possession of 200 head of steers (or their value, thirty dollars each), then in the possession of E. J. Buckingham, defendant in error. The amended petition, upon which the cause was tried, stated that on November 5, 1898, one E. B. Curtis, then the owner of the cattle in question, executed to plaintiff in error his two promissory notes, one for the sum of $4544.30 and the other for $3177.70, and two certain chattel mortgages covering the cattle in question. The mortgages were regularly filed in the office of the register of deeds of the proper county. It was further set out that plaintiff, being the owner

and holder of said notes, transferred and indorsed them in blank, for value, to Tootle, Lemon & Co. and became obligated to pay the same to the holder thereof ; that afterward, and before the bringing of this suit, the same were transferred and delivered to plaintiff for the purpose of suit and collection, plaintiff being liable as indorser and being the mortgagee in said mortgages ; that at the date of the bringing of this suit, and ever since, plaintiff was the legal holder of said notes and mortgages. These notes, upon their face, were not due, but by certain conditions of the mortgages, which were properly alleged, and the violation of such conditions by the mortgagor, the notes had become due.

Buckingham pleaded a general denial and ownership of the cattle. After the issues were thus joined, and on the day of final trial, one E. B. Curtis filed an application for permission to intervene in said action as a party defendant, in which application he stated in substance : That he was the owner of said cattle and had executed the mortgages and notes set out in plaintiff's petition and afterward had sold them to one G. G. Gillett for cash, it being understood and agreed at the time between himself and Gillett that, upon the delivery of said cattle to Gillett, he should pay the cash therefor, the same to be applied to the payment of the notes sued on ; that in pursuance of said contract of sale and agreement of said Gillett immediately to pay the cash for said cattle, and as a part of said transaction, they were delivered to Gillett and were by him shipped to defendant in error, Buckingham, without consideration ; that he had demanded of said Gillett the cash payment, and upon his failing to pay the same he had repudiated and rescinded the sale ; that he had demanded the return of said cattle, but that

said Gillett and Buckingham refused and still refuse to deliver the same; that by reason of said fraudulent representations on the part of Gillett he was still the owner of the cattle and entitled to the possession, and asked the court to set aside the sale, and decree that he was the owner and entitled to the possession thereof.

Upon the same day Tootle, Lemon & Co. filed their application for permission to intervene and be made parties defendant, alleging that they were the owners and holders of the notes and mortgages in suit, and also alleging substantially the facts set out in the application of E. B. Curtis; and further stating that an agreement had been entered into by the J. C. Bohart Commission Company and Gillett, at the time of the sale and purchase of said cattle by Gillett, that he would pay cash therefor, and that the same should be applied to the indebtedness secured by said mortgage; that such agreements and attempted sales and purchases were unknown to them; that the cattle were delivered to Buckingham without consideration, and praying that said sale be set aside and they be adjudged to be entitled to the possession of said cattle or a judgment for the value thereof.

These applications were heard separately on the same day and were both denied by the court, and to the overruling of each the plaintiff in error excepted. Thereupon the trial of the cause was begun, a jury impaneled, and the attorney for plaintiff in error, in his opening statement, said:

"Now, after the Bohart Commission Company had loaned this money and took these mortgages, they sold the notes to Tootle, Lemon & Co. that were secured by these mortgages, and indorsed them in blank

and thereby became liable to pay them, and when Gillett left and they found the cattle were gone, Tootle, Lemon & Co. transferred the mortgages and notes back to the Bohart Commission Company for suit and collection, and to protect the Bohart interest and the Tootle, Lemon & Co. interest, according to the terms of the mortgages and notes, and this replevin suit was brought by the Bohart Commission Company, which was the authorized agent of the holders and owners of these mortgages and notes, and had the mortgages and notes in its possession, which gave it the right, under their terms, to bring this suit.''

Upon this opening statement of counsel and the allegations in the amended petition, the defendant moved the court for judgment, upon the ground that the plaintiff in error was not the real party in interest, and was but the agent of Tootle, Lemon & Co., the owners and holders of the notes and mortgages in litigation, and could not maintain this action.   This motion was sustained by the court, and the jury were directed to find a verdict for defendant in error.   The plaintiff in error filed its motion for a new trial, which was by the court overruled, and thereupon judgment was rendered for defendant in error for the return of the cattle, or, in case a return could not be had, for the value thereof, to wit, $6000.

The plaintiff in error brings the case to this court, alleging error in sustaining said motion and rendering judgment against it for the return of the cattle, or, in case a return could not be had, for their value, and in overruling the applications of E. B. Curtis and Tootle, Lemon & Co. to interplead.

*Scarritt, Griffith & Jones,* for plaintiff in error.
*Rossington, Smith & Histed,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : In this state every action must be brought in the name of the real party in interest, except those provided for in section 28 of the code of civil procedure. (Gen. Stat. 1897, ch. 95, § 22 ; Gen. Stat. 1899, § 4272.) It is not claimed that this action was prosecuted by plaintiff in error under any of the provisions of the latter section, nor is it claimed that the plaintiff below was, at the time this action was commenced, the owner of the notes sued upon ; but its contention is that it is the agent of the owners for suit and collection and in the possession of and the indorser of the notes, and, as such indorser, has a beneficial interest therein and may therefore maintain an action in its own name.

We think the plaintiff in error had no beneficial interest in the notes. The title thereto and the right to the proceeds thereof passed to Tootle, Lemon & Co. upon the indorsement and delivery by the payee, and Tootle, Lemon & Co. are entitled to the entire proceeds of these notes, and not the plaintiff in error. The plaintiff, by its pleading and statement, places the question of the ownership of the notes beyond controversy in Tootle, Lemon & Co. At the time this action was commenced, by the admitted statement of of counsel, the plaintiff in error was the holder of the notes for collection. The question, then, is, Can an agent who holds paper for suit and collection only bring an action in his own name ? We think not. He is not the real party in interest and has no beneficial interest in the paper.

The case of *Armour Bros. Banking Co. v. Riley Co. Bank*, 30 Kan. 164, 1 Pac. 506, was an action on a sight-draft, indorsed as follows : "Pay W. H. Wynants,

Esq., cashier, or order, for account of the Riley County Bank, of Manhattan, Kan.   J. K. WINCHIP, Cashier.'' The court said : ."This is a restrictive indorsement, and that it operated to transfer the draft to the plaintiff only as agent for purposes of collection cannot be doubted.''   It was held that the plaintiff had no property in the draft and could not recover on it.   In *Ketcham v. Commission Co.*, 57 Kan. 773, 48 Pac. 29, the court said :

"Many authorities are cited to the effect that the indorsement of a negotiable promissory note, secured by mortgage, passes the title to the mortgage as well. This seems to be a well-settled rule of law. . . . In the absence of any special agreement, it has been held that the payee who has indorsed a note to a bank as collateral security cannot maintain replevin for property covered by a chattel mortgage securing the note so indorsed ; that the right of action is in the bank.''

The case .of *Cavanaugh v. Brodboll*, 40 Neb. 875, 59 N. W. 517, approved by this court in *Ketcham v. Commission Co.*, supra, was an action similar to the one at bar, and the court held :

"The payee of certain notes secured by a chattel mortgage indorsed and delivered the same to a bank as security for an indebtedness owing by him to it. During the time the bank so held said notes and chattel mortgage the said payee brought against a subsequent mortgagee of said property, who had taken possession thereof, an action of replevin, basing his right to the possession of said property on the notes and mortgages he had assigned to the bank. ˙ *Held*, (1) that the indorsement and delivery of the note to the bank operated as an assignment to it of the mortgage which the notes were given to secure ; (2) that said payee at the time he brought this action was not entitled to the immediate possession of the mortgaged

property, and that his action was properly dismissed."

In *Hays v. Hathorn et al.*, 74 N. Y. 486, it was held "that, to entitle a party to maintain an action upon a promissory note, he must be the legal owner and have the right of possession of the instrument." In *Sherwood v. Roys*, 14 Pick. (Mass.) 172, the court said that "a person holding a promissory note as a trustee may bring an action upon it in his own name; but a person holding a note as a mere depositary and agent must bring an action upon it in the name of his principal."

Pomeroy, in Remedies and Remedial Rights, 1st ed., sections 132 and 133, states the principle thus:

"It is now settled by a great preponderance of authority, although there is some conflict, that if the assignment, whether written or verbal, of any thing in action is absolute in its terms, so that by virtue thereof the entire apparent legal title vests in the assignee, any contemporaneous, collateral agreement by virtue of which he is to receive a part only of the proceeds, and is to account to the assignor or other person for the residue, or even is to thus account for the whole proceeds, or by virtue of which the absolute transfer is made conditional upon the fact of recovery, or by which his title is in any other similar manner partial or conditional, does not render him any the less the real party in interest.

"The mere parting with the possession of a note does not, however, constitute an assignment thereof, and the owner is the proper party to sue, although the instrument is in the hands of another person with whom it has been deposited."

In speaking of "indorsement for collection," Daniel, in Negotiable Instruments, 4th ed., section 698*d*, says:

"Such an indorsement merely makes the indorsee agent for the indorser to collect the amount due, but

it has been held does not invest him with such title as to make him a proper party plaintiff in a suit.''

Authorities might be multiplied upon the proposition that one holding a negotiable promissory note for collection is not the owner, has no title to it, and cannot maintain an action in his own name. The plaintiff in this case was a mere agent holding the note for collection, the proceeds of which it was bound to deliver over to its principals, Tootle, Lemon & Co., and cannot in this case maintain an action in its own name on the notes. To recover upon them it must sue in the name of its principals.

This brings us to the second alleged error. Did the court commit prejudicial error, as against plaintiff below, in overruling the applications of E. B. Curtis and Tootle, Lemon & Co. to intervene in this action? We think not. The plaintiff in error, having no right to bring this suit, having no standing in court, cannot complain of the refusal of the court to permit other parties who claim to have an interest in the subject-matter of the litigation to intervene in the case.

Another question is presented in this case. The judgment of the court below was for the defendant for the return of the cattle, or, in case a return could not be had, for the value thereof, to wit, $6000. It was alleged in the petition of plaintiff in error that these cattle were worth thirty dollars per head, and that there were 200 head of them; however, the sheriff in taking possession of the cattle, under his writ of replevin, only received 199, and those were delivered to plaintiff in error. It therefore seems that the judgment of the court below should have been for the defendant for the return of 199 head of cattle, or their value, thirty dollars per head, and that the judgment which was

rendered in the court below was for an amount thirty dollars greater than it should have been.

It is therefore ordered that the judgment of the court below be modified in this particular, and, as thus modified, is affirmed.