SNYDER v. GRUNIGER et al.

(Supreme Court, Appellate Term.   October, 1901.).

NOTES—SUIT BY ASSIGNEE—REAL PARTY IN INTEREST.
    Where, in a suit on a note, plaintiff has the legal title by written
    transfer, it is no defense that the transfer was without consideration
    and for collection purposes.

Appeal from municipal court of New York.

Action by Frederick Snyder against Joseph Gruniger and others. From a judgment for defendants, plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

H. K. Davis, for appellant.

H. C. Botty, for respondent Gruniger.

PER CURIAM.   The defendant Gruniger made a promissory note in favor of the defendant Bittschier, who indorsed it over to John Hoffman, who indorsed it over to Hattie Hoffman.   The note was not paid and went to protest, whereupon Hattie Hoffman took it up. There are two subsequent indorsers on the note, i. e., one Winkler and one Hudson.   It is not disputed that Hattie Hoffman took the note up and had a cause of action thereon against the two defendants herein, Gruniger and Bittschier.   The latter made no defense and the judgment against him was entered by default herein.   The complaint, however, was dismissed as to the defendant Gruniger on the sole ground that the plaintiff, Snyder, was not the real party in interest, and that the action should have been brought by Hattie Hoffman. The plaintiff appeals.

The plaintiff sued as assignee of the claim of Hattie Hoffman. The assignment is regular in form and is acknowledged before a notary public, Mr. Henry K. Davis, who happens also to be the plaintiff's attorney herein.   Mr. Davis swears to the execution of the assignment, and his testimony is practically undisputed on the subject.   Defendant, however, claimed that there was no consideration for the assignment, and that the plaintiff was merely the agent of Hattie Hoffman for the collection of the note.   The consideration mentioned in the assignment is one dollar and other good and valuable considerations.   But whether there was a sufficient consideration or not is a question that cannot be raised by the defendant Gruniger, the maker of the note.   The plaintiff is the real party in interest, under the Code, if he has a valid transfer as against the assignor, Hattie Hoffman, which seems to be conceded, and holds the legal title to the demand.   The defendant has no legal interest to inquire further.   A payment to or recovery by the assignee, the plaintiff herein occupying this position, is a protection to the defendant against any claim that can be made by the assignor, Hattie Hoffman.   Sheridan v. Mayor, etc., 68 N. Y. 30.   It is no defense to a party sued upon commercial paper to show that the transfer under which the plaintiff holds

it is without consideration, or subject to equities between him and his assignor, or colorable and merely for the purpose of collection, or to secure a debt contracted by an agent without sufficient authority. It is sufficient to make the plaintiff the real party in interest if he has the legal title, either by written transfer, as in the case at bar, or delivery, whatever may be the equities between the plaintiff and his assignor. Hays v. Hathorn, 74 N. Y. 486. The judgment must be reversed and a new trial ordered, with costs to abide the event.

Judgment reversed and new trial ordered, with costs to abide event.