### GARFINKEL v. SCHNEIDER et al.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

1. PRINCIPAL AND AGENT ⬱138—UNDISCLOSED AGENCY.

In an action to recover a balance due on a sale of goods made by the plaintiff's agent, it appearing that some of the receipts for the goods given by the defendants were made to the plaintiff, and that the defendants knew that they were receiving the goods from him, the fact that the agent did not disclose his agency at the time he made the sales is immaterial.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 495; Dec. Dig. ⬱138.]

2. PRINCIPAL AND AGENT ⬱144—UNDISCLOSED AGENCY—RIGHTS OF AGENT.

In an action for a balance due on the sale of goods, made by the plaintiff's agent without disclosing his agency, the testimony of the agent that plaintiff was his principal and real party in interest at the time of the sale, protects defendant from any claim by the agent for the balance due.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 512½; Dec. Dig. ⬱144.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry Garfinkel against Max Schneider and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Nathan H. Stone, of New York City, for appellant.

Jacob Goldstein, of New York City (Myron S. Yochelson, of New York City, of counsel), for respondents.

⬱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COHALAN, J. Plaintiff brought this action to recover $63.65, alleged to be the balance due from the defendants upon a sale of goods. The claim of the defendants is that they purchased the goods from one Dorfman, and not from the plaintiff. They substantially concede that there is due on the purchase the sum of at least $12.45, but assert that the same is due to Dorfman, and not to the plaintiff. The learned trial justice took this view of the testimony, and dismissed the complaint.

The undisputed testimony shows that Dorfman, who was the only witness sworn upon the trial on behalf of the plaintiff, was the manager of the plaintiff, Garfinkel, to whom he had sold and conveyed a fur store at 303 Mulberry street, which transaction was evidenced by a bill of sale dated and executed on May 5, 1914, and offered and received in evidence at the trial. This was some time prior to·the sale of the goods in question to the defendants.

[1, 2] Dorfman made no claim to the proceeds of the goods so sold, or any part thereof. At least three of the receipts given by the defendants for the goods were made to Garfinkel, so that, although all the transactions were had with Dorfman, it would seem that defendants knew that they were receiving goods from Garfinkel. The fact that Dorfman did not disclose his agency at the time he made the sales is of no moment. It is clear that Garfinkel was the principal, and the real party in interest and the fact that Dorfman so testified, effectually precludes him from making a claim for the balance due on the sale to the defendants. Unless the defendants would be placed in a position of being liable to make payment twice for the same goods, it is not of their concern to whom payment is made. Hays v. Hathorn, 74 N. Y. 489.

Judgment reversed, and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.