GATES SHERWOOD et al., Respondents, *v.* THE MERCANTILE
MUTUAL INSURANCE COMPANY, Appellant.

Where, by the terms of a policy of insurance on the cargo of a canal boat, if in consequence of ice or the closing of navigation the voyage cannot be finished the same season, the risk is to terminate at the time the voyage shall be stopped, three days being given to discharge the cargo, the insured has the right to make every effort to continue the voyage, notwithstanding it be apparent that it cannot be completed by reason of ice; the actual stoppage, is the time from which the three days for discharging are to be computed, and mere delays, coupled with the impossibility of completing the entire voyage, do not show actual stoppage; the voyage can only be stopped by act of the master or causes making further progress impossible. The insured has also the right, although there are obstructions by ice, to continue the voyage to a proper place to discharge the cargo and lay up the boat for winter.

(Argued May 23, 1876; decided May 30, 1876.)

THIS was an action upon a policy of insurance on the cargo of a canal boat, for a voyage on the Erie canal from Albion to Albany.

The policy contained this clause : "It is understood, that if in consequence of ice or the closing of navigation, the said voyage cannot be finished the same season, the risk to end at the place and at the time the voyage is stopped, three days being given to discharge."

The boat reached the village of Durhamville on the twenty-eighth or thirtieth of November, and went on to a dry dock the next day for repairs. She was taken off at night and laid by the dock, as she was a day boat. At that time there was no ice in the canal, but ice formed during the night. The boat

leaked some and was not moved until December third, when plaintiff's evidence tended to show, the master of the boat attempted to move her down to a warehouse, some sixty rods below, to unload, if the voyage could not be continued. Men were employed to break the ice, a passage was broken through and the boat started but sank on the way. There was some conflict of evidence upon this and other points. At the close of the evidence the defendant's counsel requested the court to direct a verdict for the defendant upon the ground, among others, that the risk had terminated at the time the loss occurred. The motion was granted and plaintiff's counsel duly excepted.

*Held*, error; that whether the voyage was actually stopped before the boat had reached the place where she sank, was a question of fact for the jury; that the inability to finish the entire voyage and the actual stoppage for cause were distinct, the court laying down the doctrine above stated.

*Geo. B. Hubbard* for the appellant.

*John H. White* for the respondents.

ALLEN, J., reads for affirmance of order granting a new trial, and for judgment absolute against defendant.
All concur.
Order reversed and judgment accordingly

(Argued May 23, 1876; decided May 30, 1876.)