Peckham, J.
 

 This cause has been three times tried at the circuit, and this is its second appearance in this court. The appellants’ counsel now strenuously insists that the late Court of Appeals erred generally in its disposition of the case, and he seeks to have the whole matter reviewed by this court. We have no disposition to review a question in the same case once deliberately decided. Self-respect, as well as a regard for the just influence of this court upon the public, alike forbid it. I do not intend to say that a case cannot possibly arise where this court would modify or reverse its decision. But I think the court should not reverse, unless there had been some plain mistake, as in overlooking some statutory provision, or some controlling decision of this court; in other words, unless such a case were presented as would require this court to grant a re-argument of a cause. ¡No such case is presented where this court simply differs in opinion with a former court, upon a full examination of the merits.
 

 It is urged that oral evidence was not admissible to vary or add to the receipt or writing given by the plaintiff when the note in suit was delivered to him. That question was distinctly decided by this court when the case was here before. (2 Keyes, 41.) It was necessarily decided, and after full examination upon the merits. Whether right or wrong, it is the law of this case.
 

 I do not think the court erred in refusing to nonsuit. The.
 
 *349
 
 evidence established sufficient title in the plaintiff in the note to enable him to maintain this action.
 

 The receipt did not transfer the title. That was,
 
 prima
 
 faoie, done by the delivery of the note to plaintiff; the note being payable to bearer. That position was not changed or varied by the evidence of the terms upon which he held it.
 

 The evidence substantially established that the payee of the note (Clark) delivered it to the plaintiff upon his undertaking to collect it at his own expense and to pay to Clark upon its collection $600, which was the original amount of the note prior to its renewal.
 

 Here, it will be noted, is no agreement to pay to Clark any part of the proceeds of this note, but simply to pay to him so much money upon the happening of an event which the plaintiff agreed to accomplish.
 

 The note is transferred and delivered to the plaintiff under that contract; and in fulfillment of that contract, he proceeds to its collection. The plaintiff is thus made the party in interest, within the meaning of the Code, so as to enable him to maintain this action.
 
 (Cummings
 
 v.
 
 Morris,
 
 25 N. Y., 625.)
 

 This is not like
 
 Langdon
 
 v.
 
 Langdon
 
 (4 Gray, 186). There the note was not negotiable, and no transfer of title in the writing. Here the delivery transferred the title, if so intended between the parties.
 

 Had the plaintiff paid to Clark $100 on the delivery, and promised to pay $500 more upon the collection of the note, which he undertook to accomplish, it would not be denied that he was the party in interest. Does it make any legal difference that he agreed to pay the whole consideration money when the note should be collected ?
 

 Again, suppose he had agreed with plaintiff that he should have the whole note if he would proceed to collect it at his own expense and risk, and had delivered the note under that arrangement; confessedly, the plaintiff would then be the party in interest. Does not the like consequence follow, though the plaintiff should agree to pay a certain sum which
 
 *350
 
 was less than, the face of the note upon its collection
 
 %
 
 Is he not then the party in interest in the suit ?
 

 He is sufficiently the party in interest in this case, though he has an interest in but a part of the note, and though Clark be the party in interest in the remaining
 
 portion;
 
 as no such objection is taken as that Clark is a necessary party.
 

 If the evidence showed that Eaton, the plaintiff, had a mere power, it was a power coupled with an interest in the
 
 note;
 
 and, hence, he was a party in interest in the note.
 

 This, it must be conceded, is a close case, and not free from doubt. It is on the border line. The objection now is purely technical, as the merits have been fully tried, and no other question remains in the case except as to the title to the note. Ho complaint is made of the admission or rejection of evidence, or of any ruling, except in regard to this question.
 

 There are decisions fully warranting this action, irrespective of the plaintiff’s interest, if he s,ue with the assent of the owner of the note. But we do not put this decision upon that ground. It is well settled that the plaintiff, to maintain this action, since the Code, must be the party in interest, in the same manner he is required to be in any other contract, whether negotiable or not.
 

 It is also urged that the testimony of W. S. Alger, examined as a witness upon a former trial, who had since died, was improperly rejected at this trial.
 

 The Code, as it stood at this trial, would have prevented the examination of W. S. Alger as a witness, had he been living. (Code, § 111.) As a general "rule, the testimony of a deceased person is inadmissible, unless he would have been a competent witness if living. I see no reason for making this an exception.
 

 The court committed no error in the charge as to the nature and character of the receipt or writing taken by Clark upon delivering the note to the plaintiff Eaton. That point was substantially decided when this case was here before. Oral evidence was admitted, upon the ground that the receipt was no evidence as to title in the note.
 

 
 *351
 
 The charge of the court did not exclude from the jury the consideration of the evidence as to the title other than that of Clark.
 

 The charge as to the
 
 onus
 
 being upon the defendants to show that the note was not transferred under the agreement testified to by Clark, seems to bo a peculiar application of the term. Taking the whole charge together, I understand the court to have left it to the jury to find whether Clark gave the true history of the transaction. If they did, then they should find for the plaintiff. But as he testified positively to his statement, and he knew the facts, it then (that is, after Ms testimony and the delivery of the note) rested with the defendants to show the case to he otherwise; that a
 
 prima faoie
 
 case was there made. I see no other meaning. It must mean that. In that view I see no error. The proof of loss well warranted secondary proof of the receipt.
 

 It is too late to object here that the representatives of W. S. Alger were improperly joined in this suit with the other defendant, and that no judgment against them can be sustained. The question having never been raised when and where it should have been, this court will not consider it now, even though it be irregular. But it is entirely regular. The one defendant is maker, and the other indorser.
 

 The judgment must be affirmed, with costs.
 

 All concur.
 

 Judgment affirmed.