(18 Misc. Rep. 587.)

### CARPENTER v. CUMMINGS.

(City Court of New York, General Term. December 12, 1896.)

ACTION ON NOTE—WHO MAY SUE—REAL PROPERTY IN INTEREST.

Where a note indorsed by the payee and discounted for him before maturity is transferred to a third person by the bank that discounted it, the assignee, as the real party in interest, may sue the maker, though the bank may be beneficially entitled to the proceeds.

Appeal from trial term.

Action by Ingle Carpenter against Minnie L. Cummings on a note. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

Philip Carpenter, for appellant.
Lewis J. Morrison, for respondent.

VAN WYCK, C. J. The action is upon a promissory note made by defendant to order of one Strauss, indorsed by him, and discounted for him before maturity by the bank that assigned it to plaintiff. The third defense of the answer is that plaintiff is not the real party in interest, and that said Strauss is the real party in interest. Plaintiff's proof is that the bank, by order of its directors, transferred, by written assignment under seal, the note, duly indorsed by the payee, to plaintiff, and at the same time delivered the note to him so indorsed; that the note has ever since been in his possession, and was by him produced at trial, and marked in evidence, together with the written assignment. The bank president, on behalf of plaintiff, testified under cross that the bank's agreement with plaintiff was that when the money was collected by the action he was to hand it over to the bank; and plaintiff himself testified that he held the legal title of the note as trustee for the bank; that the result of any judgment would be paid to him as trustee of the bank, and that he would then pay it to the bank.

The plaintiff was nonsuited, but the record does not show upon what grounds it was granted. However, the briefs submitted indicate that it was on the ground that plaintiff's proof showed that he was not the real party in evidence. The delivery of the written assignment, together with the note, duly indorsed, carried the legal title in the note to the plaintiff, and he is legally the real party in interest, and can maintain this action, although the bank may have an ultimate beneficial interest in the recovery. The title of this note passed by indorsement and assignment to the plaintiff, and he is legally the real party in interest, although the bank may have a claim upon him for the proceeds; and it does not alter the case that he be liable to the bank as a debtor upon his contract for the collection he may thus make. The bank transferred its interest, and the plaintiff became thereby the real owner, and any judgment recovered by him bars the claims of the bank and the payee of the note, and protects the defendant. What more can the defendant ask, and what interest can she have in the ultimate disposition of the proceeds, if any, of the judgment against her. In Hays v. Hathorn, 74 N. Y. 486, the leading case of Sheridan v. Mayor, etc., 68 N. Y. 30, is fully approved, and other authorities are cited by the judge writing, who says:

"From this glance at the cases it appears that it is ordinarily no defense to the party sued upon commercial paper to show that the transfer under which the plaintiff holds it is without consideration, and subject to equities between him and his assignor, or colorable, or merely for the purpose of collection, or to secure a debt contracted by an agent without sufficient authority. It is sufficient to make the plaintiff the real party in interest if he have the legal title either by written transfer or delivery, whatever may be the equities between him and his assignor. But to be entitled to sue he must now have the right of possession, and ordinarily be the legal owner. Such ownership may be as equitable trustee, it may have been acquired without adequate consideration, but must be sufficient to protect the defendant upon a recovery against him from a subsequent action by the assignor."

And in the case of Allen v. Brown, 44 N. Y. 288, where the plaintiff sued as assignee of a chose in action, his assignor testified that "Allen [the assignee plaintiff] paid me nothing, and I agreed with him that I would take care of the case, and if he got beat it should not trouble or cost him anything"; and still it was held that Allen was the real party in interest. In Eaton v. Alger, *41 N. Y. 41, it appears that plaintiff received the note sued upon from the payee by indorsement, to whom he gave this receipt: "Received from I. M. Clark [payee], a note against J. P. Alger, for $629, which I agree to account for on demand;" and it was held that plaintiff should have been allowed to explain this receipt, and on the new trial his explanation was that Clark had delivered the note to him upon his undertaking to collect it at his own expense, and to pay to Clark upon its collection $600, which was the original amount of the note prior to its renewal; and yet it was held that plaintiff was the real party in interest. Eaton v. Alger, 47 N. Y. 349. The record shows that plaintiff herein was the real party in interest, and should not have been nonsuited.

The judgment is reversed, and new trial ordered, with costs to appellant to abide the event. All concur.