*461 OPINION OF THE COURT
George G. Inglehart, J.
The application of the United Liverpool Faculty Association, hereinafter referred to as "ULFA,” for an order confirming the arbitration award hereinafter discussed is denied.
The application of the Board of Education of Liverpool Central School District, hereinafter referred to as "board” for an order vacating the subject arbitration award is granted.
The arbitration award flows from a grievance filed July 25, 1975 by and on behalf of the respondent, Sharon F. Schwab, hereinafter referred to as the grievant, and the resultant procedures pursuant to a written collective bargaining agreement between the board and ULFA effective from July 1, 1974 through June 30, 1976, hereinafter called agreement. The preliminary steps of the grievance proceeding were unsuccessful. The board rejected the grievance on the ground that it involved a denial of tenure and a teacher disciplinary proceeding which were excluded from arbitration by the definition of grievance in the contract.
On September 12, 1975, ULFA demanded arbitration. The board began a proceeding to stay arbitration which was denied by Special Term, the denial being affirmed by the Appellate Division, Fourth Department, on July 12, 1976. (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 53 AD2d 239.) The Court of Appeals denied the board’s motion for leave to appeal on September 21, 1976. (40 NY2d 804.)
Following the exhaustion of the board’s legal remedies to that point, the parties submitted the following stipulated issue to arbitration. Did the school district violate the terms of the 1974-1976 collective bargaining agreement between the district and the faculty association when it refused to grant continued employment to Mrs. Sharon Schwab? If so, what shall the remedy be?
The arbitrator issued his award dated May 23, 1977 in favor of the ULFA and the grievant based upon his written findings. The award stated that (1) the school district violated the terms of the agreement by refusing continued employment to the grievant and (2) the district was to offer to reinstate the grievant, without back pay to her former or equivalent position for a fourth probationary year.
The arbitrator found violations of two procedural provisions *462 of the agreement in that (1) the sixth supervisory report relating to the grievant was lacking as to content and (2) the negative recommendations of the building principal and the acting superintendent respecting grievant’s tenure were, among other things, inconsistent with the supervisory reports as a whole and did not specify extenuating circumstances within the meaning of the agreement.
The arbitrator also found that the sixth and final supervisory report of the grievant’s building principal was unfavorable to the grievant.
By letter dated June 26, 1975 the acting superintendent notified grievant that he would not recommend her for tenure. At grievant’s request he detailed his reasons in a letter dated July 22, 1975. He wrote that the building principal withheld her recommendation because of irreconciliable differences among other things. He wrote that grievant’s over-all performance was such that he could not recommend her for tenure.
Previously at the superintendent level (stage 2) of the grievance procedure, the acting superintendent found no violation of article 5 (§ A, subd 7 [c]) of the agreement in that "there were in fact, extenuating circumstances near the end of Mrs. Schwab’s probationary period” which circumstances were sufficiently reviewed during the grievance hearing, being specifically the behavior of Mrs. Schwab in relation to her superior (the building principal).
Finally, the arbitrator extracted from the acting superintendent’s writings and testimony his belief that the grievant’s actions "bordered upon insubordination, if they were not, in fact, insubordination.”
The board seeks to vacate the award pursuant to CPLR 7511 (subd [b], par 1, cl [iii]). The ULFA cross-moves to confirm the award on the grounds that the scope of judicial review of an arbitrator’s award is severely limited and an arbitrator’s error of fact or law does not provide a basis for granting vacatur or resisting confirmation. Primarily, however, the ULFA states that the arbitrator acted within the scope of his authority in rendering the underlying award.
The statutory underpinning to any determination of the issues herein is section 3012 of the Education Law of the State of New York which provides in part as follows:
"1. (a) Teachers * * * shall be appointed by the board of education * * * upon the recommendation of such superin *463 tendent of schools, for a probationary period of three years * * *
"2. At the expiration of the probationary term of a person * * * the superintendent * * * shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory. Such persons * * * shall not be removed except for any of the following causes, after a hearing * * * (a) insubordination, immoral character or conduct unbecoming a teacher; (b) inefficiency, incompetency, physical or mental disability, or neglect of duty; (c) failure to maintain certification”.
 The board claims that the arbitrator’s award is violative of public policy and must be vacated. A genuine public policy objection is not improper at this time and may therefore be considered. (Hirsch v Hirsch, 37 NY2d 312.)
In Matter of Cohoes City School Dist. v Cohoes Teachers Assn. (40 NY2d 774) the issue was whether a board could cede to arbitration its power to determine a teacher’s tenure after the probationary period. The Court of Appeals held that public policy forbade such action since the Education Law implicitly mandated that this particular issue be withheld from arbitration.
In Matter of Candor Cent. School Dist. (Candor Teachers Assn.) (42 NY2d 266), the court did hold, however, that a board of education may agree to supplementary procedural steps preliminary to the termination of a probationary appointment.
The question put before this court then is whether the violations of the contract as found by the arbitrator relate to Candor’s supplemental procedural steps or to the board’s responsibility to select the school’s teaching personnel which cannot be delegated as a matter of public policy.
The second of the two alleged contractual violations, i.e., that the board’s decision not to recommend grievant for reemployment was inconsistent with prior supervisory reports and did not detail extenuating circumstances supporting the negative recommendation, is not, in this court’s opinion, a violation of a procedural step as contemplated in Candor or found by the arbitrator.
The acting superintendent’s nonrecommendation must, in view of section 3012 (subd 1, par [a]) of the Education Law, be *464 considered an integral part of the board’s, and only the board’s, duty to grant or refuse tenure.
At least as to the second alleged violation found by the arbitrator, this court disagrees with his determination. The arbitrator did, in fact, invade the domain reserved by statute and the courts for the sole and exclusive use of the board. The arbitrator interposed his opinions upon a pure question of tenure. This violates the declared public policy of the State of New York. The arbitrator’s award should be vacated for this reason alone, if no other.
The board also asserts that the arbitrator improperly determined that an arbitrable controversy exists in this case. As previously related, the Fourth Department affirmed Special Term’s denial of a stay of arbitration herein. The denial and subsequent affirmance was based on the principle that the question of arbitrability should be decided by the arbitrator and not by the courts. Both Special Term and the Appellate Division relied on the heretofore established "presumption of arbitrability.”
In a companion case the Court of Appeals held that "in arbitrations which proceed under the authority of the Taylor Law, the scope of the particular arbitration clause, and thus whether the question sought to be submitted to arbitration is within or without the ambit of that clause, is to be determined by the courts. In making such determinations the courts are to be guided by the principle that the agreement to arbitrate must be express, direct and unequivocal as to the issues or disputes to be submitted to arbitration; anything less will lead to a denial of arbitration.” (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 510-511.)
In this case as in that just cited, this court cannot conclude that the present dispute falls clearly and unequivocally within the class of claims referred to by arbitration.
The award should be vacated because the controversy and especially the stipulated question did not admit room for the arbitrator to determine whether an arbitrable controversy even existed.
The ULFA’s contentions that a decision on this basis is barred by res judicata and/or waiver by the board are not well taken.
As to the first objection, there has been no prior judicial *465 determination of the question of arbitrability. (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 53 AD2d 239, supra.) The decision cited does not reflect the principle of res judicata. (People v Watson, 57 AD2d 143.)
The board has not waived its right to contest arbitrability in this proceeding. (Clifton-Fine Cent. School Bd. of Educ. v Wisner, 59 AD2d 50.)