ORCHARD PARK TEACHERS ASSOCIATION, Appellant, v BOARD OF EDUCATION ORCHARD PARK CENTRAL SCHOOL DISTRICT, Respondent.

Fourth Department, November 16, 1979

2

## APPEARANCES OF COUNSEL

*Bernard F. Ashe (Emanuel Tabachnick* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear (Karl W. Kristoff* and *David A. Farmelo* of counsel), for respondent.

## OPINION OF THE COURT

SCHNEPP, J.

During the 1976-1977 school year, schools in the Orchard Park Central School District were closed a total of 13 days because of severe weather conditions and fuel shortages. Under the Education Law, State aid is reduced by $\frac{1}{180}$ for each day less than 180 days schools are not in session. To qualify for full State aid the district board of education modified the school calendar to include seven additional days of instruction by canceling holidays, reducing the spring recess and adding one day to the last originally scheduled day of school. As a result, a grievance was filed by the Teachers Association charging that the modifications to the school calendar violated article 6.1.1 of the collective negotiations agreement between the school district and the Teachers Association, which provided that the "maximum number of attendance days for classroom teachers shall not exceed 187 days" within the school year beginning September 1 and ending June 30. The grievance was eventually submitted to arbitration. Both parties fully participated in the arbitration proceedings. From the issues submitted by the parties, the arbitrator selected the following: "Whether or not the District violated Articles 6.1.1, 6.1.2 and 6.1.3 of the agreement by not paying a salary differential of $\frac{1}{187}$ per day to all teachers for the period of 6/16/77 to 6/24/77? If so, what shall the remedy be?"

The arbitrator sustained the grievance and made the following award: "The District violated Article 6.1.1 of the agreement by not paying a salary differential of $\frac{1}{187}$ per day to all teachers for the period of 6/16/77 to 6/24/77. The District is

hereby directed to pay a salary differential of $\frac{1}{187}^{th}$ per day to all teachers for the period of 6/16/77 to 6/24/77".

Special Term denied the Teachers Association's petition for judgment confirming the award and granted the district's application to vacate.

■ The real issue before the arbitrator was whether attendance days included or excluded days when schools in the district were closed for emergency reasons. The association contends that by June 15, 1977 there had been 187 attendance days and that the agreement was violated when teachers were required to work until June 24, 1977. The district contends that it did not violate the contract when it scheduled the seven make-up days to avoid the possibility of losing State aid.

The contract did not define "attendance days". The arbitrator resorted to the past practices of the parties because of what he termed the "ambiguous or otherwise unclear" language of the contract and found that emergency closing days were "long viewed" by both the district and association "as teacher attendance days". He held that his conclusion was "reinforced by a fair reading of Article 6.1.3" of the contract which "indicates that teachers are expected to perform work associated with teaching duties either at home or at school on days when the schools are otherwise closed because of emergency conditions".

■ Special Term in vacating the award held that the arbitrator arrived at an irrational conclusion because the language of article 6.1.3 is precatory only and that it was illogical to consider emergency closing days as attendance days for salary purposes if they were not considered attendance days in determining whether school was in session in accordance with the Education Law for State aid purposes. We hold that the court is limited in its power to intervene and interpret the disputed contract language and may not set aside an award because it feels "that the arbitrator's interpretation disregards the apparent, or even the plain, meaning of the [contract's] words". *(Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582.) "The courts' power to intervene is even more restricted when the arbitrator's interpretation of the agreement resolves the question submitted, and not merely one aspect of the dispute" *(Rochester City School Dist. v Rochester Teachers Assn., supra,* p 582). Further, an arbitrator's resolution of questions of substantive law or fact is not judicially reviewable in the absence of prejudi-

cial misconduct *(Matter of Professional Staff Congress/City Univ. of N. Y. v Board of Higher Educ.,* 39 NY2d 319, 323).

■ The district's claim that the contract was not ambiguous and that the arbitrator exceeded his power in utilizing past practice is without merit. The district after having participated in the arbitration may not argue that the award should be vacated on the ground "that the arbitrator 'exceeded his power' by construing the agreement when it was clear on its face it required no interpretation" *(Rochester City School Dist. v Rochester Teachers Assn., supra,* p 583). The district, having bargained to arbitrate the very issue determined, is now bound by the decision of the tribunal to which the dispute was submitted *(Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23). Importantly, the existing past practice found by the arbitrator is definitely related to the meaning of "attendance days" in the agreement—the specific provision the arbitrator was called upon to determine (cf. *Matter of Civil Serv. Employees Assn., Steuben County Ch. v County of Steuben,* 50 AD2d 421; *County of Ontario v Civil Serv. Employees Assn., Ontario County Ch.,* 76 Misc 2d 365, affd 46 AD2d 738).

Moreover, contrary to the district's claim and Special Term's ruling, the arbitrator was not confused in his application of "past practices". He used the doctrine solely to arrive at a determination of the meaning of "attendance days". He found that no past practice existed requiring the scheduling of make-up days or the payment of salary for make-up days and accordingly did not apply the doctrine. Thus, in determining that the emergency closing days were attendance days, he concluded that in the 1976-1977 school year the district exceeded the contractually specified 187-day maximum, an obligation which he found could not be altered without the consent of both parties.

■ We agree that the language of the agreement is clearly amenable to the arbitrator's interpretation. Special Term exceeded its power in passing upon the merits of the dispute. The court has no power to set aside an arbitration award because a different construction could be accorded the contract provisions and a different conclusion reached *(Matter of National Cash Register Co. [Wilson],* 8 NY2d 377).

■ We reject the district's claims that the award should be vacated because it is not definite or certain as to whether the district is required to pay for five or seven days or because

some other formula should have been adopted. Within the period of June 16, 1977 to June 24, 1977 seven teacher attendance days occurred. The district in its answer to the petition stated it added seven days to the school calendar. The contract was not violated through June 15, 1977 and under the remedy fashioned by the arbitrator each attendance day thereafter constituted a violation of the contract. " 'Arbitrators may do justice' " *(Rochester City School Dist. v Rochester Teachers Assn., supra, p 582)*; an arbitrator "is not strictly limited to remedies requested by the parties but is empowered to 'reach a just result regardless of the technicalities' " *(Board of Educ. v Bellmore-Merrick United Secondary Teachers, 39 NY2d 167, 172).*

We have examined other issues raised and hold they are either without merit or not properly before the court.

■ Accordingly, the order of Special Term vacating the arbitration award should be reversed, the petition granted and the arbitration award confirmed.

SIMONS, J. P., HANCOCK, JR., DOERR and MOULE, JJ., concur.

Order unanimously reversed, with costs, and motion to confirm arbitrator's award granted.