■ In the Matter of UNITED LIVERPOOL FACULTY ASSOCIATION, Appellants, v BOARD OF EDUCATION OF THE LIVERPOOL CENTRAL SCHOOL DISTRICT, Respondent.—Order reversed, with costs, and motion to confirm award granted. Memorandum: The appeal before us arose when a teacher, Ms. Sharon Schwab employed by respondent Liverpool Central School District, was not recommended for tenure at the end of her third year. Appellant United Liverpool Faculty Association instituted arbitration proceedings on her behalf. The arbitrator found three contract violations and fashioned a remedy that would reinstate Ms. Schwab for one additional probationary year during which the school district could observe and evaluate her

performance in accordance with the collective bargaining agreement. In vacating this award Special Term held that it violated public policy because it usurped the school district's authority to determine tenure, that the district did not violate a supplemental procedural step provided for in the agreement, and that the arbitrator had impermissibly determined that an arbitrable controversy existed. There should be a reversal. The main issue presented is whether the contract violations found by the arbitrator are ones which limit the actual tenure decision—void as against public policy— or simply require permissible bargained for procedural steps prior to the tenure determination. In answering the submitted question, i.e., whether the district violated the terms of the agreement when it refused to grant continued employment to Ms. Schwab, the arbitrator found three violations. Two dealt with supervisory reports and one with the tenure recommendation report. Six supervisory reports are required. The tenure recommendation report "shall reflect the overall performance of the teacher" and absent extenuating circumstances "should be consistent with * * * Supervisory Reports." The first five of the supervisory reports respecting Ms. Schwab rated her "excellent", but the sixth was mixed, containing both praise and criticism. She was recommended for tenure in the tenure recommendation report and her name was on the list of those to be considered by the board of education. Subsequently, the school principal, who was Ms. Schwab's supervisor, had a quarrel with her as a result of which, the arbitrator found, the principal went to the superintendent and recommended that Ms. Schwab not be granted tenure. Her name was then crossed off the list of those to be recommended. The arbitrator stated that he did not treat the grievance as one attacking the decision not to grant tenure, but instead viewed it as a claim that the procedural steps prior to the tenure decision had been violated. In substance, he concluded that the unofficial oral report not to recommend tenure made by the principal to the superintendent failed to "reflect the overall performance of the teacher" and that such report was not "consistent with those contained in the Supervisory Reports" and the extenuating circumstances to account for this discrepancy did not exist. Although the school district has the unquestioned right to deny tenure without explanation, the supplemental procedural steps preliminary to such decision are rights enforceable in arbitration (*Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, 42 NY2d 266; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 778), but of course the arbitrator may not exceed his power and award tenure (*Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 418). Special Term's power to intervene is limited, and an arbitration award will be vacated only where it may be said to be "completely irrational" (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578; *Orchard Park Teachers Assn. v Board of Educ.*, 71 AD2d 1). We find that there is a clear, express and unequivocal agreement to arbitrate this grievance defined, under the agreement, as "any claimed violation, misinterpretation, or inequitable application of the existing laws, rules, procedures, regulations, administrative orders or work rules of the district * * * which relates to supervision of teachers". In our view the arbitrator's award did not impinge on the school district's prerogative with respect to tenure, nor can it be characterized as "completely irrational." It should, therefore, be reinstated. All concur, except Schnepp and Moule, JJ., who dissent and vote to affirm the order, in the following memorandum.

Schnepp and Moule, JJ. (dissenting). We dissent and agree with Special Term that the arbitrator usurped the school board's responsibility to deter-

mine a teacher's tenure and that the board's decision not to grant tenure did not violate a supplemental procedural step contained in the collective bargaining agreement between the district and the faculty association (see *Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, 42 NY2d 266; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774). Although Special Term erroneously found that the arbitrator impermissibly determined the existence of an arbitrable controversy, contrary to our previous determination *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 53 AD2d 239, mot for lv to app den 40 NY2d 804), the arbitration award should be vacated because the arbitrator irrationally determined that the school district violated the tenure recommendation report and supervisory report provisions of the agreement (see *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578). The contract requires the filing of "Supervisory Reports" for probationary teachers on or before February 1 and June 1 of each year based on no less than two firsthand classroom observations. These reports are required to be "reasonably comprehensive in nature", based on "classroom observations as well as the teacher's general performance", and should point out "strengths and weaknesses, if any, and if necessary, offer suggestions for improvement". The contract also requires the submission of a "Tenure or Reappointment Recommendations Report" which "shall reflect the overall performance of the teacher" and "unless there are extenuating circumstances, the statements should be consistent with those contained in * * * Supervisory Reports". In accordance with the contract, on February 10, 1975 the school principal submitted a tenure recommendation report for Ms. Schwab, a teacher in her final probationary year. On May 16, 1975 an incident occurred between the principal and Ms. Schwab. The sixth and final supervisory report for this teacher was submitted by the principal on May 21, 1975. On approximately May 19, 1975 and thereafter the principal made oral and written statements to school authorities which did not recommend Ms. Schwab for tenure. Following this, the school superintendent determined not to recommend to the school board that she be granted tenure. Although the arbitrator found that two classroom observations were made, he concluded that the final supervisory report submitted on May 21, 1975 "did not satisfy the contractual requirements as to content", that the tenure recommendation of the principal and the superintendent of schools failed to reflect Ms. Schwab's "overall performance, and * * * was obviously inconsistent with the classroom observations and the Supervisory Reports taken as a whole", and that there existed no "extenuating circumstances", all contrary to and in violation of the contract. The arbitrator's finding that the sixth supervisory report did not satisfy the contractual requirements "as to content", in that the comments were untimely or inaccurate, were submitted to justify the principal's ultimate decision not to recommend the teacher for tenure, and did not offer "suggestions for improvement", was irrational. A fair reading of this report reflects that it was clearly based on the principal's classroom observations of Ms. Schwab, pointed out strengths and weaknesses, and indicated areas of improvement—all as required by the contract. The arbitrator criticized its contents because weaknesses pointed out in the final report refer to events which occurred prior to, but are not mentioned in, earlier supervisory reports or the earlier tenure recommendation. However, the contract does not require that the content of each report be limited exclusively to events occurring during any specific time frame. Moreover, he improperly determined a question of credibility respecting a statement in the report. The power of the arbitrator is limited to interpret-

ing the contract provisions and determining whether the district violated the contract. The failure to offer "suggestions for improvements" is inconsequential. This was the final supervisory report of a three-year probationary term; with the failure to grant Ms. Schwab tenure, her relationship with the school district terminated. No time remained before the determination of her tenure for her to remedy any deficiency or to improve her performance (see *Board of Educ. v Chautauqua Cent. School Teachers Assn.*, 41 AD2d 47). It would have been an empty gesture to offer suggestions of improvement just prior to the denial of teacher tenure. The arbitrator's conclusion that the principal's negative recommendations concerning Ms. Schwab's tenure made after May 16, 1975, coupled with the superintendent's failure to recommend tenure for Ms. Schwab, violated the contract was also irrational. The arbitrator found that this action failed to reflect Ms. Schwab's over-all performance and was inconsistent with the supervisory reports without the existence of "extenuating circumstances". Thus he irrationally measured the principal's comments and the superintendent's conduct by the standards required in the contract for the tenure recommendation report which had been previously submitted by the principal to the superintendent. Further, in concluding that the superintendent failed to comply with these contractual requirements the arbitrator erroneously assigned to the superintendent responsibilities ascribed by the contract to the principal only. Finally, contrary to the finding of the arbitrator, there is no contract provision that requires the superintendent to pursue any investigative procedure before making his recommendation. We conclude that the arbitrator unlawfully augmented the structured evaluation procedures detailed in the contract and invaded the substantive authority of the school board to terminate the employment of a nontenured teacher at the end of the probationary period *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra;* see, also, *Matter of Anderson v Board of Educ.*, 38 NY2d 897; Education Law, § 3012, subd 2). (Appeal from order of Onondaga Supreme Court—vacate arbitrator's award.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ. [94 Misc 2d 459.]