■ In the Matter of the Arbitration between LOCAL 345 OF THE RETAIL STORE EMPLOYEES UNION, Respondent, and HEINRICH MOTORS, INC., Appellant. — Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to the arbitrator for further proceedings, in accordance with the following memorandum: A collective bargaining agreement entered into between the parties, effective September 1, 1975 and for three years thereafter, provided for compensation to be paid to car and truck salespersons employed by petitioner Heinrich Motors, Inc., part of which related to a percentage of the gross profit realized by petitioner on each unit of sale. The agreement provided that "Gross profit does not include the 2% holdback, but does include all other special rebates and discounts." A subsequent agreement for an additional three years effective September 1, 1978 contained the same provision for determining gross profit. On June 28, 1979 respondent union filed a written grievance claiming that petitioner was violating the agreement by deducting a $25 advertising charge from the gross profit on each unit sold before commissions are paid to the salespeople. The question of whether the item "Less Dealer Amount for Advertising" should be included in the computation of gross profit and if so, what remedy is provided for in the agreement, was submitted to arbitration. The arbitrator made an award, finding: 1. that the company unilaterally violated the agreement by excluding the advertising fee from the computation of gross profit and that this violation covered the period of time from September, 1977 to the date of the award; 2. directed the company to include the advertising fee in gross profit for the purpose of computing commission, effective upon receipt of the copy of the award; 3. directed the company to provide the union with an accounting of all moneys which would have been paid in commissions from 1977 to the date of the award, had not the improper deductions been made. Upon application by petitioner to vacate or modify the award, Special Term found that the arbitrator's award was not "completely irrational" and that petitioner was estopped from raising the retroactive effect of the accounting. The motion to vacate was denied and the cross motion of respondent union to confirm was granted. As it did at Special Term, petitioner argues on this appeal, *inter alia,* that the arbitrator exceeded his authority by directing relief retroactively beyond the date of the grievance. The critical provision of the collective agreement upon which this appeal must turn provides that: "No award shall be effective retroactively beyond the date on which the grievance was first presented in writing pursuant to the grievance procedure as herein provided, nor for any period subsequent to the termination of this agreement." The circumstances under which an arbitrator will be found to have "exceeded his power" (CPLR 7511,

subd [b], par 1, cl [iii]) are rare. When the arbitration agreement authorizes the arbitrator to interpret the contract in resolving disputes, his determination will be set aside as in excess of his authority only if it is "completely irrational," or if the scope of arbitration has been narrowed and the powers of the arbitrator limited by express terms in the contract *(Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582)*. In making the award, the arbitrator here ignored the express limitation on his power contained in the contract without giving any justification for doing so. It is possible that the arbitrator had a reason for disregarding the limiting terms of the agreement, but the reason does not appear in the record. "There is no doubt that an arbitrator, if he so decides, may indeed refuse to enforce such a damage limitation clause on the ground of unconscionability or on other grounds and today's decision does not in any way limit that power. What is required, however, is that the award indicate that he has in fact deliberately and intentionally exercised that power so that judicial review can proceed without the need for speculation as to what has in fact occurred in the arbitral tribunal." *(Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.], 25 NY2d 451, 457.)* That portion of the arbitrator's award which directed an accounting of moneys prior to the date when the grievance was first presented in writing must be vacated and the matter, on that point alone, must be remitted to the arbitrator for further consideration, i.e., his reasons, if any, for exceeding the express contractual limitation on his power. Special Term erred in finding that petitioner was estopped from raising the issue of the retroactive effect of the accounting. In doing so it had to consider the necessary elements of estoppel which would require a reaching of the merits of the dispute, something only the arbitrator could do. Questions of substantive law or fact are to be determined by the arbitrator, whose decision is not judicially reviewable *(Orchard Park Teachers Assn. v Board of Educ., 71 AD2d 1)*. A court may not usurp the arbitrator's role by imposing its concept of a just and equitable result (see *Matter of Sprinzen [Nomberg], 46 NY2d 623)*. We have considered the other points raised by petitioner and find them to be without merit. (Appeal from order of Monroe Supreme Court — arbitration.) Present — Cardamone, J.P., Doerr, Denman, Moule and Schnepp, JJ.