In the Matter of the Arbitration between LOCAL 345 OF THE RETAIL STORE EMPLOYEES UNION, Respondent-Appellant, and HEINRICH MOTORS, INC., Appellant-Respondent.

Fourth Department, November 4, 1983

### APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle* (*William McKnight* and *Michael A. Hausknecht* of counsel), for appellant-respondent.

*Harold Cohen* for respondent-appellant.

OPINION OF THE COURT

HANCOCK, JR., J.

█ This labor arbitration proceeding, involving a dispute between an automobile dealership as employer and the union representing its salesmen, comes to us for the second time on the employer's appeal. The arbitrator has found that the employer had been violating the collective bargaining agreement in its practice of deducting a $25 advertising charge from gross profit on each unit sold before computing the commission owed to the salesman. This finding is not in dispute. What is in dispute is that portion of the award calling for repayment of the withheld commissions retroactively to the date in September, 1977 when the improper withholding practice commenced. The employer has consistently maintained that the arbitrator lacks the power to make such an award in view of the provision in the collective bargaining agreement prohibiting retroactive relief. In answer to the employer's contention, respondent union contends that the legal issue concerning the arbitrator's power has been resolved in its favor in our prior decision (see *Matter of Local 345 of Retail Store Employees Union [Heinrich Motors]*, 81 AD2d 1021) and that our holding there is binding as law of the case. Because the appeal may be decided without reaching the merits on the basis of law of the case, we summarize the prior proceedings pertinent to a discussion of that issue.

The grievance commencing the arbitration was filed on June 28, 1979, shortly after the union received evidence that the employer was making the improper deductions from the salesmen's commissions. In his first award the arbitrator directed the employer to provide the union with an accounting of the improperly withheld commissions from the date of the commencement of the improper practice (Sept., 1977) to the date of the arbitrator's award. Over the employer's objection, Special Term confirmed the award. On its first appeal to this court from Special Term's original order of confirmation, the employer argued, as it had before Special Term, that the arbitrator had exceeded his authority by directing relief retroactively to the date the violations began in view of the provision in the collec-

tive bargaining agreement[1] expressly prohibiting any awards beyond the date on which the grievance was first presented in writing (June 28, 1979). We rejected the employer's argument that the provision in the agreement would, in all circumstances, constitute an absolute bar to retroactive relief but nevertheless vacated that portion of the award and remitted the matter, on that point alone, to the arbitrator "for further consideration" and with directions that he specify "his reasons, if any, for exceeding the express contractual limitation on his power." (*Matter of Local 345 of Retail Store Employees Union [Heinrich Motors], supra,* p 1022.) Our remittal to the arbitrator was pursuant to a memorandum in which we stated, among other things (*supra,* p 1022): "In making the award, the arbitrator here ignored the express limitation on his power contained in the contract without giving any justification for doing so. It is possible that the arbitrator had a reason for disregarding the limiting terms of the agreement, but the reason does not appear in the record. 'There is no doubt that an arbitrator, if he so decides, may indeed refuse to enforce such a damage limitation clause on the ground of unconscionability or on other grounds and today's decision does not in any way limit that power. What is required, however, is that the award indicate that he has in fact deliberately and intentionally exercised that power so that judicial review can proceed without the need for speculation as to what has in fact occurred in the arbitral tribunal.' (*Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451, 457.) That portion of the arbitrator's award which directed an accounting of moneys prior to the date when the grievance was first presented in writing must be vacated and the matter, on that point alone, must be remitted to the arbitrator for further consideration, i.e., his reasons, if any, for exceeding the express contractual limitation on his power."

In his supplemental opinion and award following our remittal the arbitrator found that it would have been

---

**1.** Section 3 of article XI of the collective bargaining agreement, insofar as pertinent, provides: "No award shall be effective retroactively beyond the date on which the grievance was first presented in writing pursuant to the grievance procedure as herein provided".

unconscionable to apply the limitation provisions so as to deprive the employees of commissions withheld from September, 1977 through June 28, 1979;[2] and he held further that to construe the agreement as requiring the union to "go on strike and/or initiate suit in order to obtain the full relief to which it is entitled" would not "make sense" and would be contrary to the intent of the agreement that all disputes "be peacefully resolved through arbitration."[3] Special Term has once again confirmed;[4] and, again, the employer, in its appeal from the confirmation order, attacks the retroactive character of the award as beyond the arbitrator's power. It argues that both the decision of Special Term in confirming the supplemental opinion and award and the statements of this court regarding the arbitrator's power contained in our prior decision (*Matter of Local 345 of Retail Store Employees Union [Heinrich*

---

2. The supplemental opinion and award states in part: "The petitioner employer in this case had changed the compensation of his sales persons in violation of the collective bargaining agreement and his duty under the National Labor Relations Act. It would have been unconscionable to have applied this particular limitation in the case at bar since the violation began in September 1977 and it was a continuing violation. It was not until June 28, 1979, 21 months later that the President of the Retail Clerk's local union wrote an official of the employer with respect to the matter. To limit the award to June 28, 1979 and not permit the remedy to go back to the date the violation began would unjustly enrich petitioner employer by depriving his employees of the full compensation they were entitled to under their collective bargaining contract; and thus, it would be unconscionable."

3. The arbitrator found that the clear intent of the parties to the collective bargaining agreement "was to provide the means whereby all disputes could be peacefully resolved through arbitration", a practice favored and promoted as part of our national labor policy "so that disputes under collective bargaining agreements may be peacefully resolved without resort to strikes and court litigation." He further found: "It is clear that the petitioner, Heinrich Motors, Inc. violated its duty to bargain as well as the collective bargaining agreement by the unilateral change by which 'Less Dealer Amount for Advertising' was deducted from gross profit. The respondent union's alternatives were to file * * * unfair labor practice charges with the National Labor Relations Board as provided for in the act, engage in a labor strike against the employer, file suit against the employer for breach of contract under Section 301 of the Act and/or resolve the matter using grievance arbitration machinery contained in the collective bargaining agreement. It elected to use the grievance arbitration provisions in the agreement." In view of the intent manifested in the agreement to favor arbitration, the arbitrator concluded that it would not "make sense to require that the Union go on strike and/or initiate suit in order to obtain the full relief to which it is entitled."

4. Following our remittal the arbitrator issued a supplemental opinion and award and, subsequently, a clarification of award stating that the purpose of the award was "to make salespersons whole" and setting forth the elements of the accounting required. Special Term confirmed both the supplemental award and the clarification, denied the employer's motion to vacate same, and granted judgment thereon. The employer has appealed from the order of confirmation and denial of its motion to vacate. The union has cross-appealed, *inter alia,* from so much of the judgment as grants interest from the date of confirmation of the arbitrator's award contending that interest should have been granted from the date of the award.

*Motors*], 81 AD2d 1021, *supra*) are contrary to the established Federal law which must govern this labor dispute (see *Matter of Long Is. Lbr. Co. [Martin]*, 15 NY2d 380, 382-383, citing *Teamsters Local v Lucas Flour Co.*, 369 US 95) to the effect that an award which disregards clear and unambiguous contract language is beyond the arbitrator's power; see *Sears, Roebuck & Co. v Teamsters Local Union No. 243*, 683 F2d 154, cert den __ US __, 103 S Ct 1274). Whether the employer's arguments are foreclosed by the doctrine of the law of the case is the question.

The doctrine of the law of the case, simply stated, is that questions of law that have been resolved by an appellate court on a prior appeal will not be reviewed upon a further appeal to that court (4 NY Jur 2d, Appellate Review, §§ 453, 454; see, e.g., *Cluff v Day*, 141 NY 580). The rule reflects the "sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes*, 37 NY2d 162, 165, citing *United States v United States Smelting Co.*, 339 US 186, 198; see *Hornstein v Podwitz*, 229 App Div 167). Moreover, it has been held that it "would be manifestly an improper and disorderly procedure" for the Appellate Division upon a subsequent appeal to change its position and hold that Special Term had committed error in conforming to its rulings upon the former appeal (see *Osborn v Cardeza*, 208 NY 131, 136; 4 NY Jur 2d, Appellate Review, § 454). The rule is not absolute, and an appellate court may in exceptional circumstances reverse or qualify its prior determination; but this power is only sparingly exercised as, for example, when there has been "some plain mistake, as in overlooking some statutory provision, or some controlling decision" (*Eaton v Alger*, 47 NY 345, 348; 10 Carmody-Wait 2d, NY Prac, § 70:404). It is settled that the doctrine of law of the case applies only to those legal determinations that were necessarily made on the prior appeal (see *Newton v Hunt*, 134 App Div 325, 331, affd 201 NY 599; 10 Carmody-Wait 2d, NY Prac, § 70:404). The corollary, of course, is that statements made by the court on legal issues that were gratuitous or made by way of dictum are not binding (see *First Nat. Bank v Story*, 140

NYS 31, 34-35, affd 163 App Div 279, affd 222 NY 562; 5 NY Jur 2d, Appellate Review, § 524).

Law of the case is inapplicable here, the employer contends, because in the decision on the prior appeal we remitted the matter to the arbitrator for further proceedings pursuant to our instructions, instead of affirming Special Term's order confirming the award; and, therefore, our prior decision cannot constitute a final determination of the legal issue pertaining to the arbitrator's power. We disagree. In the prior appeal we held that the arbitrator could, upon a showing of reasons justifying his decision not to apply the limiting provisions of the agreement, properly make the award retroactive. This legal determination was the sole reason for our remittal to the arbitrator for a statement of "his reasons, if any, for exceeding the express contractual limitations on his power" and, had we not found that the arbitrator had the power to make such an award, we would not have remitted. Our holding was essential to the decision to remit and, indeed, was implemented in the order of remittal. The holding, therefore, constituted a final determination on the legal issue and cannot be considered dictum.

Nor can it be said that this is the exceptional case where the doctrine should not be applied because our prior holding as to the arbitrator's power, in the light of the Federal cases cited, was plainly in error (see *Eaton v Alger,* 47 NY 345, *supra;* 10 Carmody-Wait 2d, NY Prac, § 70:404). Our prior decision, we find, is consistent with the Federal cases.

Contrary to the view taken by the employer, Federal labor law does not require the arbitrator to ignore everything but the express contract language. It has been held that all "contracts, including collective bargaining agreements, are executed in the context of common law and legislation which govern the rights and duties of the contracting parties" (*Timken Co. v Local Union No. 1123, United Steelworkers of Amer.,* 482 F2d 1012, 1015).[5] Here

---

**5.** To similar effect see *Ludwig Honold Mfg. Co. v Fletcher* (405 F2d 1123) where the court stated (at p 1131): "In addition to these broad rules of general contract construction, a collective bargaining agreement must be viewed in the context of what the Supreme Court has characterized as 'the industrial common law'. In United Steelworkers of America v. Warrior & Gulf Navigation Co., supra, 363 U.S. at 581-582, 80 S. Ct. at 1352, the Court stated it thusly: 'The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law — the practices of

the arbitrator, applying common-law equitable principles, has held that to permit the employer to breach the contract and, at the same time, invoke section 3 of article XI of the collective bargaining agreement so as to avoid responsibility for that breach would be an unconscionable application of section 3 and an interpretation of the collective bargaining agreement which would not "make sense" in the light of the intent expressed in the agreement that all disputes be peacefully resolved through arbitration. It is settled that "the question of interpretation of the collective bargaining agreement is a question for the arbitrator", that it is "the arbitrator's construction which was bargained for" and that the "courts have no business overruling him because their interpretation of the contract is different from his" (*Steelworkers v Enterprise Corp.*, 363 US 593, 599). Were it necessary to reach the issue, we would conclude that Special Term properly confirmed the arbitrator's actions taken on remittal as within the broad powers delegated to him under the agreement to resolve disputes and fashion remedies "with reference to the interpretation, application or breach of any of the specific terms contained in [the] Agreement" and as an award which "draws its essence from the collective bargaining agreement" (*Steelworkers v Enterprise Corp., supra,* p 597, see, particularly, pp 596-599; *Steelworkers v Warrior & Gulf Co.*, 363 US 574, 581, 582; *Ludwig Honold Mfg. Co. v Fletcher,* 405 F2d 1123, 1125, 1128, 1130, 1133; see *Steelworkers v American Mfg. Co.*, 363 US 564; *American Federation of Tel. & Radio Artists v Storer Broadcasting Co.*, 660 F2d 151; *Johnson Bronze Co. v International Union of United Auto., Aerospace & Agric. Implement Workers of Amer.,* 621 F2d 81).

We hold, then, that the doctrine of the law of the case is applicable and that our prior holding as to the arbitrator's power governs this appeal. The question remains whether the arbitrator in exercising that power pursuant to our instructions has set forth sufficient reasons for refusing to enforce the prohibition against retroactive relief. Special Term has held, and we agree, that he has done so. Its action in directing confirmation should therefore be affirmed.

---

the industry and the shop — is equally a part of the collective bargaining agreement although not expressed in it.' "

█ We agree with the contention in the cross appeal that the employer should, under the judgment, pay interest from the date of the arbitrator's supplemental award, June 18, 1981, rather than from the date of confirmation of the award November 20, 1981, as provided by Special Term (see CPLR 5002; *Matter of Kavares [MVAIC]*, 29 AD2d 68, affd *sub nom. Matter of McEntee [MVAIC]*, 28 NY2d 939; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7514:1, p 651). The order should, therefore, be modified in this respect.

█ The other contentions in the appeal and cross appeal have been considered and found to be without merit. The issue concerning a requested modification in one aspect of the order raised by way of appeal from a denial of a motion for reargument is not properly before us; such denial is not appealable (see *Matter of Hooker v Town Bd.*, 60 AD2d 684; *Phillips v Village of Oriskany*, 57 AD2d 110).

The order and judgment should be modified in accordance with this opinion and otherwise affirmed.

CALLAHAN, DOERR, BOOMER and MOULE, JJ., concur.

Order and judgment unanimously modified, and as modified affirmed, without costs, in accordance with opinion by HANCOCK, JR., J. P.