OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the supplemental award set aside.
 

 In this collective bargaining agreement in the private sector the arbitration clause expressly provides that: “No award shall be effective retroactively beyond the date on which the grievance was first presented in writing pursu
 
 *987
 
 ant to the grievance procedure as herein provided, nor for any period subsequent to the termination of the Agreement”. The arbitrator disregarded this clause concluding that it would be unconscionable to give effect to it in this case.
 

 In collective bargaining agreements governed by Federal law, an arbitrator cannot exceed the limitations imposed on him by the arbitration agreement itself. “When the arbitrator’s words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award”
 
 (Steelworkers v Enterprise Corp.,
 
 363 US 593, 597). In the case now before us, therefore, the arbitrator could not ignore an express limitation on his powers which specifically precluded him from granting retroactive relief (see, also,
 
 Matter of Local 1 of United Food & Commercial Workers [Heinrich
 
 Motors], 559 F Supp 192). Indeed the same result would be reached under the laws of this State
 
 (Matter of Silverman [Benmor Coats],
 
 61 NY2d 299).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
 

 Order reversed, etc.