■ ROBERT A. PUCKETT et al., Appellants-Respondents, v COUNTY OF ERIE et al., Respondents-Appellants. COUNTY OF ERIE et al., Third-Party Plaintiffs, v COLLANA BROTHERS CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent-Appellant. (Appeal No. 2.) [691 NYS2d 801] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the same Memorandum as in Puckett v County of Erie ([appeal No. 1] 262 AD2d 964 [decided herewith]). (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Lawton, J. P., Wisner, Hurlbutt, Callahan and Balio, JJ.

■ ROBERT A. PUCKETT et al., Plaintiffs, v COUNTY OF ERIE et al., Respondents and Third-Party Plaintiffs, and DONALD J.

BRAASCH CONSTRUCTION, INC., Appellant. COLLANA BROTHERS CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent. (Appeal No. 3.) [693 NYS2d 783] —Order unanimously modified on the law and as modified affirmed without costs in accordance with following Memorandum: Supreme Court properly granted the cross motion of third-party defendant, Collana Brothers Construction Company, Inc. (Collana), seeking summary judgment on its cross claim for common-law and contractual indemnification against defendant Donald J. Braasch Construction, Inc. (Braasch). Plaintiffs commenced this action to recover damages for injuries sustained by Robert A. Puckett (plaintiff), an employee of Collana, in an accident at a construction site while on loan to Braasch as a crane operator (*see, Puckett v County of Erie* [appeal No. 1], 262 AD2d 964 [decided herewith]; [appeal No. 2], 262 AD2d 966 [decided herewith]). Collana met its initial burden by establishing that its liability is vicarious, and Braasch failed to raise an issue of fact. We reject Braasch's contention that our determination in *Puckett v County of Erie* ([appeal No. 2] 244 AD2d 865) is the law of the case (*see, Matter of Local 345 of Retail Store Empls. Union [Heinrich Motors]*, 96 AD2d 182, 186, *revd on other grounds* 63 NY2d 985). On that appeal, we were unable to determine from the record whether control of plaintiff had been surrendered by Collana and assumed by Braasch. The record now establishes that Braasch was exercising exclusive control and supervision over plaintiff at the time of the accident. The court also properly granted the cross motion of defendants County of Erie, Buffalo Bills, Inc. and A.D.F. Construction Corporation for summary judgment on their cross claim for common-law and contractual indemnification against Braasch. Because liability has not been determined (*see, Puckett v County of Erie* [appeal No. 1], *supra*; [appeal No. 2], *supra*), we modify the order by providing that the cross motion is granted conditionally upon a determination of liability (*see, Delaney v Spiegel Assocs.*, 225 AD2d 1102, 1103-1104). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Lawton, J. P., Wisner, Hurlbutt, Callahan and Balio, JJ.