■ CITY OF NEW YORK et al., Respondents, v STRINGFEL-LOW'S OF NEW YORK, LTD., et al., Appellants, et al., Defendants. [700 NYS2d 683] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered March 8, 1999, which, to the extent appealed from as limited by the brief, incorporated this Court's decision and order, entered February 4, 1999 (253 AD2d 110), which, *inter alia*, granted plaintiff City partial summary judgment on the issue of whether defendant's cabaret falls within the definition of adult eating or drinking establishment under section 12-10 (adult establishment) (b) of the New York City Zoning Resolution, unanimously affirmed, without costs.

Defendant's present appellate contentions to the effect that its purported policy respecting the admission of minors to its cabaret takes it outside the definition of an "adult eating or drinking establishment", "have been resolved by [this] appellate court on a prior appeal [and] will not be reviewed [by this Court] upon a further appeal" (*Matter of Local 345 of Retail Store Empls. Union [Heinrich Motors]*, 96 AD2d 182, 186, *revd on other grounds* 63 NY2d 985). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ.

■ SADIE JONES et al., Appellants, v RITE AIDE OF NEW YORK, INC., Also Known as RITE AID DRUG STORE, et al., Respondents. [700 NYS2d 684] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 18, 1999, which, in an action to recover for personal injuries allegedly caused by ice in front of defendant's store, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action was properly dismissed in view of plaintiff's deposition testimony in which she said that she did not see any ice where she fell (*see, Croff v Grand Union Co.*, 205 AD2d 856). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ.