■ BENJAMIN L. ANDERSON, a Shareholder of LIVONIA, AVON & LAKEVILLE RAILROAD CORPORATION, Appellant, v EUGENE H. BLABEY, II, et al., Respondents. [860 NYS2d 341]—

Appeal from an order of the Supreme Court, Livingston County (Kenneth R. Fisher, J.), entered December 20, 2006 in a shareholder's derivative action. The order, insofar as appealed from, denied plaintiff's motion for discovery sanctions, partial summary judgment and attorney's fees and granted that part of

defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this shareholder's derivative action alleging, inter alia, that defendants breached their fiduciary duties to the corporation by effectuating a reverse stock split and by their actions related to the reverse stock split. We note at the outset that Supreme Court erred in determining that, because plaintiff's allegations of self-dealing by defendants in connection with the determination of the fair market value of the shares and the adoption of a stock option plan were not specifically set forth in the complaint, they were " 'beyond judicial review.' " The allegations of self-dealing were the subject of a prior order by a different Supreme Court Justice, and this Court affirmed the order determining that those allegations raised issues that required resolution in the litigation (*Anderson v Livonia, Avon & Lakeville R.R. Corp.*, 16 AD3d 1182 [2005]). The court herein was therefore bound by that prior judicial determination (*see Matter of Local 345 of Retail Store Empls. Union [Heinrich Motors]*, 96 AD2d 182, 186 [1983], *revd on other grounds* 63 NY2d 985 [1984]).

In any event, we conclude that the court properly granted that part of defendants' motion seeking summary judgment dismissing the complaint. Defendants established their entitlement to judgment as a matter of law by establishing that their methodology for establishing the fair market value of the shares prior to the reverse stock split was reasonable, and plaintiff failed to raise an issue of fact by submitting an expert's affidavit that was conclusory and based upon speculation (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that defendants failed to establish that they complied with Business Corporation Law § 713 (a) (1) with respect to the stock option plan, we nevertheless conclude that the court properly determined that defendants established that the stock option plan "was fair and reasonable as to the corporation at the time it was approved by [defendants]" (§ 713 [b]), and that plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). We have reviewed plaintiff's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.