■ In the Matter of BOWERY RESIDENTS' COMMITTEE, INC., Respondent, v LANCE CAPITAL, LLC, Appellant. [995 NYS2d 1]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered June 4, 2013, which granted the petition to the extent of vacating the portion of an arbitration award that directed each party to bear its own legal expenses, vacating the arbitrator's denial of petitioner's request for a modification of the award, and remanding the matter to a different arbitrator for a determination of those expenses, unanimously affirmed, with costs.

Pursuant to CPLR 7511 (b) (1) (iii), an arbitration award shall be vacated when, inter alia, an arbitrator exceeds a specifically enumerated limitation on his power (*see Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 16 NY3d 85, 90-91 [2010]; *Matter of Local 345 of Retail Store Empls. Union [Heinrich Motors]*, 63 NY2d 985, 987 [1984]). The arbitration provision in the parties' agreement unambiguously provided that "[t]he arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in any arbitration, with the prevailing party entitled to recover its commercially reasonable attorneys' fees, costs and disbursements." There is no dispute that petitioner was the prevailing party in the underlying arbitration proceeding. Hence, the arbitrator lacked any discretion under the agree-

ment to decline to award petitioner its reasonable legal fees, as the prevailing party, and the refusal to do so was clearly in excess of his power, thus warranting vacatur of the award (*see id.; Matter of Port Auth. Police Benevolent Assn. [Port Auth. of N.Y. & N.J.]*, 235 AD2d 359 [1st Dept 1997]). Concur—Tom, J.P., Sweeny, Renwick, Andrias and Clark, JJ.